**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Movants Robbie Dickson*
*and Joseph M. Stacy, Jr.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REZA DABESTANI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GERON CORPORATION, JOHN A. SCARLETT, ANDREW J. GRETHLEIN, MICHELLE J. ROBERTSON, FAYE FELLER, ANIL KAPUR, and JAMES ZIEGLER, <br><br> Defendants. | Case No.: 3:25-cv-02507-CRB <br><br> **NOTICE OF MOTION AND MOTION OF ROBBIE DICKSON AND JOSEPH M. STACY, JR. FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:     June 20, 2025 <br> Time:    10:00 a.m. <br> Courtroom: 6-17th Floor <br> Judge:   Hon. Charles R. Breyer |
| ISAAC POTVIN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GERON CORPORATION, JOHN A. SCARLETT, ANDREW J. GRETHLEIN, MICHELLE J. ROBERTSON, FAYE FELLER, ANIL KAPUR, and JIM ZIEGLER, <br><br> Defendants. | Case No.: 3:25-cv-02563-CRB |

NOTICE OF MOTION AND MOTION OF ROBBIE DICKSON AND JOSEPH M. STACY, JR. FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### <u>NOTICE OF MOTION AND MOTION</u>

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on June 20, 2025 at 10:00 a.m., or as soon as counsel may be heard, the undersigned will move before the Honorable Charles R. Breyer at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 6 on the 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

1. Consolidating the Related Actions (the "Actions");

2. Appointing Robbie Dickson and Joseph M. Stacy, Jr. ("Movants") as Co-Lead Plaintiffs;

3. Approving Movants' choice of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel; and

4. Granting such other and further relief as the Court may deem just and proper.

Movants respectfully submit the following memorandum in support of their motion for: (a) consolidation of the Actions; (b) appointment of Movants as Co-Lead Plaintiffs; and (c) approval of Levi & Korsinsky as Lead Counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I.     SUMMARY OF ARGUMENT ...................................................................................................1

II.    STATEMENT OF ISSUES TO BE DECIDED ..................................................................2

III.   STATEMENT OF FACTS ...................................................................................................2

IV.    PROCEDURAL HISTORY..................................................................................................4

V.     ARGUMENT........................................................................................................................4

     A.    Consolidation of the Actions is Appropriate. ......................................................4

     B.    Movants' Appointment as Co-Lead Plaintiffs Is Appropriate. ........................5

          1.    The Procedure Required by the PSLRA .............................................................5

          2.    Movants Satisfy the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure. ........................................................................................................7

     C.    Approval of Movants' Choice of Counsel Is Appropriate...........................................10

VI.    CONCLUSION...................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,

No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) ...........................6

*Crawford v. Honig,*

37 F.3d 485 (9th Cir. 1994) ...........................................................................................................9

*Ferrari v. Gisch*,

225 F.R.D. 599 (C.D. Cal. 2004) ...................................................................................................8

*Gen. Tel. Co. of the Southwest v. Falcon*,

457 U.S. 147 (1982) .......................................................................................................................8

*Gold v. Lumber Liquidators, Inc.*,

323 F.R.D. 280 (N.D. Cal. 2017) ...................................................................................................8

*Gurevitch v. KeyCorp, et al.*,

No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ..........................................................................11

*Hanlon v. Chrysler Corp.*,

150 F.3d 1011 (9th Cir. 1998) .......................................................................................................8

*Haung v. Acterna Corp.*,

220 F.R.D. 255 (D. Md. 2004).......................................................................................................7

*Hessefort v. Super Micro Computer, Inc,*

317 F.Supp.3d 1056 (N.D. Cal. 2018) ...........................................................................................7

*In re Cavanaugh*,

306 F.3d 726 (9th Cir. 2002) ..................................................................................................1, 6, 7

*In re Drexel Burnham Lambert Grp.*,

960 F.2d 285 (2d Cir. 1992)............................................................................................................8

iii

*In re E-Trade Financial Corp*. Securuties Litigation,

No. 07-cv-8538 (S.D.N.Y.)...................................................................................10

*In re LendingClub Sec. Litig.,*

282 F.Supp.3d 1171 (N.D. Cal. 2017) ..................................................................8

*In re Milestone Sci. Sec. Litig.,*

183 F.R.D. 404 (D.N.J. 1998)...............................................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.,*

182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................8

*In re Tesla Inc. Securities Litigation,*

No. 3:18-cv-4865 (N.D. Cal.) .............................................................................10

*In re U.S. Steel Securities Litigation,*

No. 2:17-579-CB (W.D. Pa.) ...............................................................................10

*Jaramillo v. Dish Network Corporation, et al.,*

No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023)......................................................10

*Johnson v. Celotex Corp.,*

899 F.2d 1281 (2d Cir. 1990)............................................................................3, 4

*Johnson v. OCZ Tech. Grp.,*

2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) ......................................1, 5

*Martin v. BioXcel Therapeutics, Inc. et al.,*

No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ........................................................11

*Mitchell v. Complete Mgmt., Inc.,*

1999 U.S. Dist. LEXIS 14460 (S.D.N.Y. Sept. 17, 1999)......................................3

*Petersen v. Stem, Inc. et. al.,*

No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023).....................................................11

iv

NOTICE OF MOTION AND MOTION OF ROBBIE DICKSON AND JOSEPH M. STACY, JR. FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Primavera Familienstifung v. Askin*,

    173 F.R.D. 115 (S.D.N.Y. 1997) ...................................................................................3

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*,

    No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) .............................................................11

*Robidoux v. Celani*,

    987 F.2d 931 (2d Cir. 1993)........................................................................................8

*Solomon v. Peloton Interactive, Inc. et al.*,

    No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) .............................................................11

*Thant v. Rain Oncology Inc. et al.*,

    5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ..................................................................10

*Thant v. Veru, Inc. et al.*,

    No. 1:22-cv-23960 (S.D. Fla. July 27, 2023)............................................................11

*Veal v. LendingClub Corporation*,

    2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) .............................................................7

*Villanueva v. Proterra Inc. et al.*,

    No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ..........................................................10

*Weisz v. Calpine Corp.*,

    2002 U.S. Dist. LEXIS 27831 (N.D. Cal. Aug. 19, 2002)..........................................4

*Weltz v. Lee*,

    199 F.R.D. 129 (S.D.N.Y. 2001) ...............................................................................3

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23(a) ...................................................................................1, 7, 8, 9

Fed. R. Civ. P. 42(a) ..............................................................................................................3

NOTICE OF MOTION AND MOTION OF ROBBIE DICKSON AND JOSEPH M. STACY, JR. FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## I.  SUMMARY OF ARGUMENT

Presently pending before the Court are the above-captioned securities class actions (the "Actions") brought on behalf of all investors who purchased or otherwise acquired Geron Corporation ("Geron" or the "Company") securities between February 28, 2024 and February 25, 2025, inclusive (the "Class Period")[1]. Plaintiffs in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its officers and/or directors.

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movants collectively lost approximately $403,663.36 in losses recoverable under *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 338 (2005) using a last-in-first-out ("LIFO") analysis. *Johnson v. OCZ Tech. Grp.*, No. 12-cv-05265-RS, 2013 U.S. Dist. LEXIS 1610, at *7 (N.D. Cal. Jan. 4, 2013).[2] Moreover, Movants satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the Class, and they will fairly

---

[1] The action entitled *Dabestani v. Geron Corporation, et al.*, No. 3:25-cv-02507-CRB (the "*Dabestani* Action") defines the Class Period as June 7, 2024 through February 25, 2025, inclusive. The action styled *Potvin v. Geron Corporation, et al.,* No. 3:25-cv-02563-CRB (the "*Potvin*") defines the Class Period as February 28, 2024 through February 25, 2025, inclusive. Movant adopts the most-inclusive Class Period defined in the *Potvin* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* Nos. 1:15-cv-9539-GHW, et. al., 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

[2] Movants' certifications identifying their transactions in Geron, as required by the PSLRA, as well as charts identifying their losses, are attached to the accompanying Declaration of Adam M. Apton ("Apton Decl."), as Exhibits A and B, respectively.

and adequately represent the interests of the Class.[3] As such, Movants meet the requirements of the PSLRA for appointment as Co-Lead Plaintiffs.

Accordingly, Movants respectfully request that: (1) the Actions be consolidated; (2) they be appointed Co-Lead Plaintiffs; and (3) their selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") be approved as Lead Counsel.

## II. STATEMENT OF ISSUES TO BE DECIDED

1.     Whether the Actions involve substantially similar issues of fact and law and should be consolidated;

2.     Whether the Court should appoint Movants as co-lead plaintiffs under the PSLRA; and

3.     Whether the Court should appoint Movants' selection of Levi & Korsinsky as Lead Counsel for the proposed Class.

## III. STATEMENT OF FACTS[4]

Geron is a commercial-stage biopharmaceutical company with a focus on blood cancer. ¶ 23. Geron's primary product is a telomerase inhibitor, imetelstat, which the Company sells under the brand name, Rytelo. *Id.* It is designed to reduce the proliferation of malignant cells to permit the production of new healthy cells. *Id.*

The statements in Paragraphs 25 to 38 of the *Dabestani* Complaint were false and/or materially misleading. ¶ 39. Defendants created the false impression that they possessed reliable information pertaining to the Company's projected revenue outlook and anticipated growth while also minimizing

---

[3] The "Class" is comprised of all persons who purchased or otherwise acquired Geron securities during the Class Period.

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Dabestani* Complaint") filed in the *Dabestani* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Dabestani* Complaint. The facts set forth in the *Dabestani* Complaint are incorporated herein by reference.

NOTICE OF MOTION AND MOTION OF ROBBIE DICKSON AND JOSEPH M. STACY, JR. FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

risk from seasonality and macroeconomic fluctuations. *Id.* In truth, Geron's optimistic reports of Rytelo's launch success and potential growth fell short of reality; the impacts of seasonality, existing competition, and the burden of continued monitoring played a much more significant role in patient starts than Defendants had implied. *Id.* Moreover, Rytelo lacked the necessary awareness to penetrate the market, resulting in an inability for Geron to capitalize on the purportedly significant unmet need for the drug, particularly among first-line patients and those outside the academic setting. *Id.*

On February 26, 2025, Defendants provided their fourth quarter, fiscal year 2024 results, announcing that Rytelo's growth had flattened. ¶ 40. Defendant Ziegler reiterated the flatness observed in Rytelo's growth over the past few months and pertinently providing the following details regarding the setback. ¶ 41. During the question-and-answer portion of the call that followed, Defendants responded to multiple inquiries regarding the declining growth trajectory for Rytelo. ¶ 42.

The aforementioned press releases and statements made by the Individual Defendants are in direct contrast to statements they made during the June 7, 2024, July 23, 2024, August 8, 2024, September 9, 2024, and November 7, 2024, press releases and shareholder calls. ¶ 43. In those statements, Defendants presented a very self-assured account of the launch success and the overall potential of Rytelo, as they continually praised their alleged growth, the significant unmet need for the drug, the impact of Rytelo being placed upon the NCCN guidelines, and the general awareness of Rytelo and its generic identity, imetelstat, while they continually minimized the risks associated with the burden of Rytelo's weekly monitoring requirement and the impacts of both seasonality and existing competition on the drug's sales. *Id.*

Investors and analysts reacted immediately to Geron's revelation. ¶ 44. The price of Geron's common stock declined dramatically. *Id.* From a closing market price of $2.37 per share on February 25, 2025, Geron's stock price fell to $1.61 per share on February 26, 2025, a decline of about 32.07% in the span of just a single day. *Id.*

NOTICE OF MOTION AND MOTION OF ROBBIE DICKSON AND JOSEPH M. STACY, JR. FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## IV. PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Dabestani* Action against the Defendants. Plaintiff Reza Dabestani ("Dabestani") commenced the first-filed action on March 13, 2025. On that same day, Levi & Korinsky, counsel acting on Dabestani's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Apton Decl., Ex. C (Press Release).

On March 14, 2025, a substantially similar action was filed against Geron in this Court, the *Potvin* Action. Movants have requested consolidation of the *Dabestani* and *Potvin* Actions.

## V. ARGUMENT

### A. Consolidation of the Actions is Appropriate.

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999); *see also Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation") (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc.*, No. 99-cv-1454, 1999 U.S. Dist. LEXIS 14460, *4 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted);

4

*Primavera Familienstifung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g.*, *Weisz v. Calpine Corp.*, No. 02-cv-1200, 2002 U.S. Dist. LEXIS 27831, at *7-8 (N.D. Cal. Aug. 19, 2002); *Takeda*, 67 F. Supp. 2d at 1132-33 (consolidation appropriate in securities class actions).

The Actions pending before this Court present similar factual and legal issues, as they both involve the same subject matter and are based on the same wrongful course of conduct. Each names Geron and certain of its officers and/or directors as defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B. Movants' Appointment as Co-Lead Plaintiffs Is Appropriate.

#### 1. The Procedure Required by the PSLRA

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *4 (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movants satisfy the foregoing criteria and are not aware of any unique defenses that Defendants could raise against them. Therefore, Movants are entitled to the presumption that they are the most adequate plaintiffs to represent the Class and, as a result, should be appointed Co-Lead Plaintiffs in the Actions.

### a. Movants are Willing to Serve as Class Representatives.

On March 13, 2025, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Geron and the Individual Defendants, and which advised putative

Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Actions.[5]

Movants have reviewed a complaint filed in the pending Actions and have timely filed their motion pursuant to the Notice. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *6.

**b.   Movants Have the Largest Financial Interest in the Relief Sought by the Class.**

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Actions. As demonstrated herein, Movants have the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-4921, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movants purchased Geron shares in reliance upon the materially false and misleading statements issued by Defendants and were injured thereby. Movants suffered a substantial loss of approximately $403,663.36 under a LIFO analysis. *See* Apton Decl., Ex. B. Movants thus have a significant financial interest in the outcome of this case. To the best of their knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

**2.   Movants Satisfy the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure.**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest

---

[5] The Notice was published over *Globe Newswire*, a widely circulated national business-oriented wire service. *See* Apton Decl., Ex. C.

in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movants satisfy both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying their appointment as Co-Lead Plaintiffs.

### a.  Movants' Claims Is Typical of the Claims of All Class Members.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movants plainly meet the typicality requirement of Rule 23 because their claims result from: (i) the same injuries as the absent class members; (ii) the same course

of conduct by Defendants; and (iii) are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec. Litig.,* 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon,* 150 F.3d at 1020). A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.,* 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

In this case, the typicality requirement is met because Movants' claim is identical to, and neither compete nor conflict with the claims of the other Class members. Movants, like the other members of the Class, acquired Geron securities during the Class Period and were damaged thereby. Thus, Movants' claim is typical, if not identical, to those of the other members of the Class because the losses Movants seek to recover are similar to those of other Class members and their losses results from the defendants' common course of conduct. Accordingly, Movants satisfy the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F. Supp. 3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movants Will Adequately Represent the Class.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and

whether there is evidence of any antagonism between the interest of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1993) (citation omitted).

Movants' interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movants' interest and those of the Class, but Movants have a significant and compelling interest in prosecuting the Actions based on the large financial loss they suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movants' identical interest with the members of the Class, demonstrates that Movants will vigorously pursue the interests of the Class. In addition, Movants have retained counsel highly experienced in prosecuting securities class actions and will submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, Movants have submitted a Joint Declaration, attesting to, *inter alia*, their education history, occupation, and investment experience, as well as to their understanding of the strength of this case, the responsibilities and duties of serving as a lead plaintiff, their shared desire to obtain the best result for the Class, and the steps that they will take to supervise this litigation. *See* Apton Decl., Ex. D, Movants' Joint Declaration in support of their motion.

Accordingly, at this stage of the proceedings, Movants have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movants have the largest financial interest in the outcome of the Actions as a result of the defendants' alleged wrongdoing, they are, therefore, the presumptive lead plaintiffs in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

### C. Approval of Movants' Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to

Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,*

11

NOTICE OF MOTION AND MOTION OF ROBBIE DICKSON AND JOSEPH M. STACY, JR. FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movants' motion, the Class will receive the highest caliber of legal representation possible. *See also* Apton Decl., Ex. E (the firm résumé of Levi & Korsinsky).

## VI. CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) consolidate the Actions; (2) appoint Movants as Co-Lead Plaintiffs for the Class; (3) approve Levi & Korsinsky as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: May 12, 2025                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Robbie Dickson and Joseph M. Stacy, Jr., and Proposed Lead Counsel for the Class*

NOTICE OF MOTION AND MOTION OF ROBBIE DICKSON AND JOSEPH M. STACY, JR. FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF