**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Movants Robbie Dickson*
*and Joseph M. Stacy, Jr.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REZA DABESTANI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GERON CORPORATION, JOHN A. SCARLETT, ANDREW J. GRETHLEIN, MICHELLE J. ROBERTSON, FAYE FELLER, ANIL KAPUR, and JAMES ZIEGLER,<br><br>Defendants. | Case No.: 3:25-cv-02507-CRB<br><br>**ROBBIE DICKSON AND JOSEPH M. STACY, JR.'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:　　　　June 20, 2025<br>Time:　　　　10:00 a.m.<br>Courtroom:　6-17th Floor<br>Judge:　　　Hon. Charles R. Breyer |
| ISAAC POTVIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GERON CORPORATION, JOHN A. SCARLETT, ANDREW J. GRETHLEIN, MICHELLE J. ROBERTSON, FAYE FELLER, ANIL KAPUR, and JIM ZIEGLER,<br><br>Defendants. | Case No.: 3:25-cv-02563-CRB |

## TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ................................................................................................1

II.     ARGUMENT .......................................................................................................................3

        A.      The PSLRA Process for Selecting a Lead Plaintiff ..........................................................3

        B.      Mr. Dickson and Mr. Stacy Are the "Most Adequate" Lead Plaintiff...........................4

                1.      *Mr. Dickson and Mr. Stacy Possess the "Largest Financial Interest"* . ............4

                2.      *Mr. Dickson and Mr. Stacy Satisfy Rule 23's Typicality and Adequacy*

                        *Requirements.*......................................................................................................5

        C.      No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Dickson

                and Mr. Stacy as Co-Lead Plaintiffs. ...........................................................................8

III.    LEVI & KORSINSKY, LLP SHOULD BE APPROVED AS LEAD COUNSEL.....................8

IV.     CONCLUSION.................................................................................................................9

ROBBIE DICKSON AND JOSEPH M. STACY, JR.'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL

**TABLE OF AUTHORITIES**

**Cases**

*Abrams v. Intuitive Surgical, Inc.*,

No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873 (N.D. Cal. Nov. 18,

2013) ............................................................................................................................3

*In re Aqua Metals Sec. Litig.*,

No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889 (N.D. Cal. May 23, 2018) .........................1

*In re Bank of Am. Corp. Auction Rate Sec. Mktg. Litig.*,

No. MDL 09-02014 JSW, 2009 U.S. Dist. LEXIS 81946 (N.D. Cal. Aug. 26,

2009) ............................................................................................................................7

*In re Cavanaugh*,

306 F.3d 726 (9th Cir. 2002) ...........................................................................................3, 4, 8

*China Agritech, Inc. v. Resh,*

138 S. Ct. 1800 (2018)....................................................................................................7

*Crawford v. Honig*,

37 F.3d 485 (9th Cir. 1994) ...............................................................................................6

*Crews v. Rivian Auto., Inc.*,

No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795 (C.D. Cal. July 1,

2022) ............................................................................................................................4

*Doherty v. Pivotal Software, Inc.,*

No. 3:19-cv-03589- CRB, 2019 U.S. Dist. LEXIS 195360 (N.D. Cal. Nov. 8,

2019) ............................................................................................................................3

*Ferrari v. Gisch*,

225 F.R.D. 599 (C.D. Cal. 2004) ......................................................................................5

ROBBIE DICKSON AND JOSEPH M. STACY, JR.'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL

*Hufnagle v. Rino Int'l Corp.*,

No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb. 14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011)........................................................................................................8

*Johnson v. OCZ Tech. Grp.*,

No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) ...............................7

*Knox v. Yingli Green Energy Holding Co. Ltd.*,

136 F. Supp. 3d 1159 (C.D. Cal. 2015) .................................................................................1

*Lax v. First Merchants Acceptance Corp.*,

No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)........................................4

*Mustafin v. Greensky, Inc.*,

No. 18-11071, 2019 U.S. Dist. LEXIS 55296 (S.D.N.Y. Mar. 29, 2019).......................................7

*In re Olsten Corp. Securities Litig.*,

3 F. Supp. 2d 286 (E.D.N.Y. 1998) .......................................................................................4

*Petrie v. Elec. Game Card, Inc.*,

No. SACV 10-0252 DOC (RNBx), 2010 U.S. Dist. LEXIS 56283 (C.D. Cal. June 4, 2010) ..........................................................................................................................7

*Robb v. Fitbit Inc.*,

Case No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016).....................1

*Schriver v. Impac Mortgage Holdings, Inc.*,

Nos. SACV 06-31 CJC (RNBx), et. al., 2006 U.S. Dist. LEXIS 40607 (C.D. Cal. May 1, 2006)...........................................................................................................................7

*In re Stitch Fix, Inc. Sec. Litig.*,

393 F. Supp. 3d 833 (N.D. Cal. 2019) ...................................................................................3

ROBBIE DICKSON AND JOSEPH M. STACY, JR.'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL

*Takeda v. Turbodyne Techs., Inc.*,

　　67 F. Supp. 2d. 1129 (C.D. Cal. 1999) ...................................................................................2

*Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*,

　　No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452 (C.D. Cal. Sep. 29,

　　2017) ....................................................................................................................................4

**Statutes**

15 U.S.C. § 78u-4 .................................................................................................*passim*

ROBBIE DICKSON AND JOSEPH M. STACY, JR.'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL

## I.   PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to appoint a lead plaintiff in securities class actions asserting violations of the Securities Exchange Act of 1934. It instructs courts to appoint as lead plaintiff the movant with the largest financial interest in the litigation, so long as that movant satisfies the adequacy and typicality requirements under Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B). Under that directive, Robbie Dickson and Joseph M. Stacy, Jr. are the "most adequate plaintiff" because they are the movants with the largest financial interest and otherwise satisfy the typicality and adequacy prongs of the Federal Rules of Civil Procedure 23 ("Rule 23").

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts in the Ninth Circuit have considered several different methodologies when determining a movant's financial interest, including the well-known *Olsten/Lax* factors: (1) number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Robb v. Fitbit Inc.*, Case No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (N.D. Cal. May 10, 2016); *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015). Most courts have found that the fourth factor, approximate loss suffered, is the most important factor and afford it the greatest weight in determining which movant has the largest financial interest. *Id*. (noting that "the last of these factors typically carries the most weight"); *see also In re Aqua Metals Sec. Litig.*, No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889, at *7 (N.D. Cal. May 23, 2018) (equating losses with greatest financial interest).

As the following table demonstrates, Mr. Dickson and Mr. Stacy possesses the largest financial interest in the Actions under all four *Olsten/Lax* factors, including the most important factor, approximate loss suffered.

ROBBIE DICKSON AND JOSEPH M. STACY, JR.'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Robbie Dickson and Joseph M. Stacy, Jr. | 1,206,460 | 112,306 | $432,505.45 | $403,663.36 |
| *Robbie Dickson* | 1,157,685 | 138,531 | $508,753.45 | $278,468.06 |
| *Joseph M. Stacy, Jr.* | 48,775 | -26,225 | -$76,248.00 | $125,195.30 |
| Vincent Agostino | 52,210 | 52,210 | $198,398.00 | $119,159.28 |
| Frank Platania | 17,792 | 17,792 | $57,288.46 | $30,286.00 |

*See* ECF Nos. 17-3; 21-3; and 25-3.

With nearly $300,000 more losses than the next closest movant, Vincent Agostino, and over ten times more losses than the next movant, Frank Platania, there can be no dispute that Mr. Dickson and Mr. Stacy hold the "largest financial interest" in the Actions and are, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B). Not only did they have the largest collective loss, but Mr. Dickson suffered the largest individual loss out of any movant.

Moreover, Mr. Dickson and Mr. Stacy have made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Mr. Dickson and Mr. Stacy are typical of the other class members insofar as they acquired Geron Corporation ("Geron" or the "Company") securities during the Class Period and were damaged as a result. Mr. Dickson and Mr. Stacy do not have any interests adverse to the class and, as demonstrated in the joint declaration accompanying their motion, are ideally suited to serve as the co-lead plaintiffs given their educational background and experience overseeing attorneys. *See* ECF No. 17-5.

With the largest financial interest in the outcome of the Actions and having made the preliminary showing of typicality and adequacy, Mr. Dickson and Mr. Stacy are entitled to the presumption of being the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B). As the other movants

ROBBIE DICKSON AND JOSEPH M. STACY, JR.'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL

cannot rebut this presumption with proof that Mr. Dickson and Mr. Stacy are somehow atypical or inadequate, they are entitled to be appointed as the co-lead plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Dickson and Mr. Stacy respectfully request that the Court grant their motion in its entirety and deny the competing motions.

## II.  ARGUMENT

### A.  The PSLRA Process for Selecting a Lead Plaintiff

Under the PSLRA, this Court is directed to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

In interpreting the PSLRA, the Ninth Circuit formulated a clear process for selecting a lead plaintiff. *See Doherty v. Pivotal Software, Inc.,* No. 3:19-cv-03589- CRB, 2019 U.S. Dist. LEXIS 195360, at *12-13 (N.D. Cal. Nov. 8, 2019); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833 (N.D. Cal. 2019); *Abrams v. Intuitive Surgical, Inc.*, No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *5 (N.D. Cal. Nov. 18, 2013) (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)). "[T]he courts must compare the financial stakes of the various plaintiffs, determine which has the most to gain from the lawsuit, and determine whether that plaintiff satisfies Rule 23, particularly its typicality and adequacy requirements." *Id.* (citing *In re Cavanaugh*, 306 F.3d at 730). The movant with the largest financial interest that satisfies Rule 23 is the "presumptive lead plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d at 730. "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve

and satisfies the requirements of Rule 23." *Id*. Third, the court must then consider any competing lead plaintiff movants attempts to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23. *Id.*

### B. Mr. Dickson and Mr. Stacy Are the "Most Adequate" Lead Plaintiff.

#### 1. *Mr. Dickson and Mr. Stacy Possess the "Largest Financial Interest"*.

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Mr. Dickson and Mr. Stacy are entitled to that presumption because, relative to the other movants, Mr. Dickson and Mr. Stacy's losses are far greater, with Mr. Dickson suffering the largest individual loss out of any movant. In accordance with *In re Olsten Corp. Sec. Litig*. and *Lax v. First Merchants Acceptance Corp.*, "courts use the *Lax-Olsten* four-factor test to approximate economic losses: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Crews v. Rivian Auto., Inc.*, No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795, at *9 (C.D. Cal. July 1, 2022) (internal quotations removed); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Of the four factors, "[c]ourts in the Ninth Circuit have tended to give the final factor the most emphasis". *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*, No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452, at *14 (C.D. Cal. Sep. 29, 2017). In this instance, Mr. Dickson and Mr. Stacy are the movants with the largest loss under all four factors, including the most important factor, approximate loss suffered.

ROBBIE DICKSON AND JOSEPH M. STACY, JR.'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Robbie Dickson and Joseph M. Stacy, Jr. | 1,206,460 | 112,306 | $432,505.45 | $403,663.36 |
| *Robbie Dickson* | 1,157,685 | 138,531 | $508,753.45 | $278,468.06 |
| *Joseph M. Stacy, Jr.* | 48,775 | -26,225 | -$76,248.00 | $125,195.30 |
| Vincent Agostino | 52,210 | 52,210 | $198,398.00 | $119,159.28 |
| Frank Platania | 17,792 | 17,792 | $57,288.46 | $30,286.00 |

*See* ECF Nos. 17-3; 21-3; and 25-3.

Mr. Dickson and Mr. Stacy expended over $200,000 more and lost nearly $300,000 more as compared to the next closest movant, Vincent Agostino. Mr. Dickson alone suffered the largest loss out of any movant, with over 1.1 million more shares purchased, 86,000 more net shares retained, $300,000 more funds expended, and $250,000 more losses, compared to Vincent Agostino. Accordingly, Mr. Dickson and Mr. Stacy have the largest financial interest in this matter.

### 2. *Mr. Dickson and Mr. Stacy Satisfy Rule 23's Typicality and Adequacy Requirements.*

Not only do Mr. Dickson and Mr. Stacy possess the largest financial interest of all movants pursuant to the PSLRA and the widely accepted *Olsten/Lax* Factors, but they also satisfy the typicality and adequacy prongs of Rule 23, requiring their appointment as co-lead plaintiffs.

Typicality exists where the claims of the representative parties "arise from the same event or practice or course of conduct that gives rise to the claims of the class members and are based on the same legal theory." *Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004) (internal quotations removed). Mr. Dickson and Mr. Stacy's claims are typical of those of other Class members because, like other Class members, they acquired Geron securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Actions. Moreover, Mr. Dickson and Mr. Stacy's claims are based on the same legal theory and arise from the

ROBBIE DICKSON AND JOSEPH M. STACY, JR.'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL

same events and course of conduct as the Class's claims.

To satisfy the adequacy requirement at this stage of the proceedings, Mr. Dickson and Mr. Stacy must make a preliminary showing that their interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between their interests and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Mr. Dickson and Mr. Stacy have no conflicts with other Class Members, nor is there evidence of any antagonism between Mr. Dickson and Mr. Stacy's interest and those of the Class.

Finally, Mr. Dickson and Mr. Stacy have further demonstrated their adequacy by submitting a joint declaration in support of their Motion, attesting to their education history, occupation, and investment experience, as well as to their understanding of the strength of this case, the responsibilities and duties of serving as co-lead plaintiffs, their shared desire to obtain the best result for the Class, and

ROBBIE DICKSON AND JOSEPH M. STACY, JR.'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL

the steps that they will take to supervise this litigation.[1] *See* ECF No. 17-5. Mr. Dickson lives in Westmount, Quebec, Canada and possesses a Bachelor of Engineering. *Id.* at ¶3. Mr. Dickson is the owner of Rainbow Distribution for which he also serves as president. *Id*. Further, he has experience hiring and overseeing attorneys for business related matters. *Id*. Mr. Stacy resides in Virginia Beach, Virginia and possesses a Bachelor of Science in Business Administration. *Id.* at ¶4. Mr. Stacy is currently retired, but prior to that, was employed as a Senior estimator with Sparkle Painting Co, Inc. *Id.* He has been investing in securities for 25 years. *Id*. Mr. Stacy has experience hiring and overseeing attorneys for civil and real estate matters, as well as to dispute a traffic violation. *Id*. Further, in their certifications and joint declaration, Mr. Dickson and Mr. Stacy state their familiarity with, and willingness to take on, the duties of co-lead plaintiffs and class representatives under the PSLRA and Rule 23. *See* ECF Nos. 17-2; 17-5 (PSLRA Certifications & Joint Declaration).

Mr. Dickson and Mr. Stacy, therefore, are the movants for lead plaintiff that have the largest

---

[1] As courts within this Circuit and throughout the country have recognized, the PSLRA expressly endorses the appointment of a group of class members as lead plaintiff where, as here, the group is small and therefore presumably cohesive and when there has been a showing of a willingness and ability to manage the litigation. 15 U.S.C. §78u-4(a)(3)(B)(i)-(iii);  *In re Bank of Am. Corp. Auction Rate Sec. Mktg. Litig.*, No. MDL 09-02014 JSW, 2009 U.S. Dist. LEXIS 81946, at *9-10 (N.D. Cal. Aug. 26, 2009) (noting movants demonstrated their adequacy to serve as lead plaintiffs by "submitting declarations attesting that they will work together to monitor the litigation and to ensure that the litigation is efficiently prosecuted."); *Schriver v. Impac Mortgage Holdings, Inc.*, Nos. SACV 06-31 CJC (RNBx), et. al., 2006 U.S. Dist. LEXIS 40607, at *30 n.11, *33 (C.D. Cal. May 1, 2006) (appointing a group that submitted such a joint declaration); *Johnson v. OCZ Tech. Grp.*, No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610, at *8 (N.D. Cal. Jan. 4, 2013)("Small, cohesive groups similar to the [movant group] are routinely appointed Lead Plaintiff in securities actions where they have shown their ability to manage the litigation effectively in the interests of the class without undue influence of counsel"); *China Agritech, Inc. v. Resh,* 138 S. Ct. 1800, 1807 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups."); *Mustafin v. Greensky, Inc.*, No. 18-11071, 2019 U.S. Dist. LEXIS 55296, at *15 (S.D.N.Y. Mar. 29, 2019) ("[T]he PLSRA...expressly permits 'a group of persons' to be appointed lead plaintiff."); *Petrie v. Elec. Game Card, Inc.*, No. SACV 10-0252 DOC (RNBx), 2010 U.S. Dist. LEXIS 56283, at *6-7 (C.D. Cal. June 4, 2010) (appointing group of three individual investors as lead plaintiff where a constituent member had largest loss as to any other competing individual: "This is not a case where individual investors use aggregation to push ahead of an individual investor whom, taken individually, who have a greater financial loss than them.").

ROBBIE DICKSON AND JOSEPH M. STACY, JR.'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL

financial interest in the Actions and otherwise meets the requirements of Rule 23. Accordingly, Mr. Dickson and Mr. Stacy are entitled to the presumption that they are the "most adequate plaintiff" and that they should be appointed as co-lead plaintiffs. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

**C. No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Dickson and Mr. Stacy as Co-Lead Plaintiffs.**

By having timely filed a motion for appointment as the lead plaintiff, possessing the largest financial interest in the Actions of all movants, and sufficiently making a preliminary, *prima facie* showing of typicality and adequacy, Mr. Dickson and Mr. Stacy have fulfilled the PSLRA's requirements to become the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (discussing requirements to become the "most adequate plaintiff"). Mr. Dickson and Mr. Stacy, therefore, are entitled to the presumption that they shall be appointed as the co-lead plaintiffs in the Actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) (stating the court "shall appoint as the lead plaintiff" the "most adequate plaintiff"). Mr. Dickson and Mr. Stacy's presumption as the "most adequate plaintiff" may only be rebutted upon proof by a class member that Mr. Dickson and Mr. Stacy "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d at 741. Absent proof rebutting the presumption, Mr. Dickson and Mr. Stacy are entitled to be appointed as the co-lead plaintiffs. *See Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771, at *16 -26 (C.D. Cal. Feb. 14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011) (appointing the most adequate plaintiff where competing movants failed to submit proof of unique defense). This is something that the other movants cannot do. Accordingly, Mr. Dickson and Mr. Stacy's motion should be granted in its entirety.

**III. LEVI & KORSINSKY, LLP SHOULD BE APPROVED AS LEAD COUNSEL.**

This Court should approve Mr. Dickson and Mr. Stacy's selection of Levi & Korsinsky as Lead

Counsel. The PSLRA vests authority in the lead plaintiff to select and retain lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v). Numerous courts throughout the country have appointed Levi & Korsinsky as lead counsel in securities class action lawsuits. *See* ECF No. 17-6. With approximately 30 attorneys across five different offices, including an office in this district, Levi & Korsinsky stands ready, willing and able to prosecute this case. *Id.*

## IV. CONCLUSION

For the foregoing reasons, Mr. Dickson and Mr. Stacy respectfully requests that this Court: (1) appoint Mr. Dickson and Mr. Stacy as Co-Lead Plaintiffs for the Class in the actions; (2) approve Levi & Korsinsky as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: May 27, 2025                    Respectfully submitted,


                                       **LEVI & KORSINSKY, LLP**


                                       */s/ Adam M. Apton*
                                       Adam M. Apton (SBN 316506)
                                       1160 Battery Street East, Suite 100
                                       San Francisco, CA 94111
                                       Tel: (415) 373-1671
                                       Email: aapton@zlk.com

                                       *Attorneys for Robbie Dickson and Joseph M. Stacy, Jr.*
                                       *and Proposed Lead Counsel for the Class*

9

ROBBIE DICKSON AND JOSEPH M. STACY, JR.'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL