COOLEY LLP
RYAN E. BLAIR (246724)
(rblair@cooley.com)
VIVIENNE A. GOLDSCHLAG (345611)
(vgoldschlag@cooley.com)
10265 Science Center Drive
San Diego, California 92121-1117
Telephone:    +1 858 550 6000
Facsimile:    +1 858 550 6420

BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

CAITLIN B. MUNLEY (*Pro Hac Vice*)
(cmunley@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, District of Columbia 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

NICHOLAS R. ORR (334142)
(norr@cooley.com)
355 South Grand Avenue, Suite 900
Los Angeles, California 90071-1560
Telephone:    +1 213 561 3250
Facsimile:    +1 213 561 3244

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GERON CORPORATION SECURITIES LITIGATION | Case No. 3:25-cv-02507-VC |
| | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** |
| | Hearing Date:    March 5, 2026<br>Hearing Time:    10:00 a.m.<br>Judge:    Hon. Vince Chhabria<br>Courtroom:    4, 17th Floor |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT ..................................................................................................... 1

    A.    The Court May Consider Documents Incorporated by Reference into the AC (Exhibits 1–2, 5–35). ......................................................................... 2

        1.    Documents Containing the Alleged False and Misleading Statements and the Alleged Corrective Disclosure Are Incorporated by Reference (Exhibits 5–6, 8–9, 11–12, 18, 20, 22–23, 25–27, and 29–32) ...................................................................................... 3

        2.    Documents upon which Plaintiffs Extensively Rely Are also Incorporated by Reference (Exhibits 1–2, 7, 10, 13–17, 19, 21, 24, 28, and 33–35)................................................................................. 4

    B.    The Court May Take Judicial Notice of Exhibits 1–37. ........................................ 5

III.  CONCLUSION .................................................................................................. 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple Inc. Device Performance Litig.*,
   386 F. Supp. 3d 1155 (N.D. Cal. 2019) ................................................................ 4

*In re Apple Inc. Sec. Litig.*,
   2020 WL 2857397 (N.D. Cal. June 2, 2020) .................................................. 3, 6, 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................ 1

*In re Biovie Inc. Sec. Litig.*,
   2025 WL 947667 (D. Nev. Mar. 27, 2025)............................................................. 7

*In re Century Aluminum Co. Sec. Litig.*,
   2011 WL 830174 (N.D. Cal. Mar. 3, 2011)............................................................ 8

*In re Century Aluminum Co. Sec. Litig.*,
   749 F. Supp. 2d 964 (N.D. Cal. 2010) ................................................................... 7

*Constr. Laborers Pension Tr. of Greater St. Louis v. Neurocrine Biosciences, Inc.*,
   2008 WL 2053733 (S.D. Cal. May 13, 2008)......................................................... 8

*In re Copper Mountain Sec. Litig.*,
   311 F. Supp. 2d 857 (N.D. Cal. 2004) ................................................................... 6

*Daniels-Hall v. Nat'l Educ. Ass'n*,
   629 F.3d 992 (9th Cir. 2010)................................................................................... 2

*Dreiling v. Am. Express Co.*,
   458 F.3d 942 (9th Cir. 2006)................................................................................... 6

*Evanston Police Pension Fund v. McKesson Corp.*,
   411 F. Supp. 3d 580 (N.D. Cal. 2019) ................................................................... 5

*In re Eventbrite, Inc. Sec. Litig.*,
   2020 WL 2042078 (N.D. Cal. April 28, 2020)................................................... 2, 3

*In re Facebook, Inc. Sec. Litig.*,
   405 F. Supp. 3d 809 (N.D. Cal. 2019) ................................................................... 7

*In re Facebook, Inc. Sec. Litig.*,
   477 F. Supp. 3d 980 (N.D. Cal. 2020) ................................................................... 6

*In re Fastly, Inc. Sec. Litig.*,
   2021 WL 5494249 (N.D. Cal. Nov. 23, 2021).................................................... 3, 4

Cooley LLP
Attorneys at Law
Chicago

- ii -

RJN ISO Defs.' MTD
3:25-cv-02507-VC

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Ferraro Fam. Found., Inc. v. Corcept Therap. Inc.*,
    501 F. Supp. 3d 735 (N.D. Cal. 2020) .................................................................. 8

*Garcia v. J2 Glob., Inc.*,
    2021 WL 1558331 (C.D. Cal. Mar. 5, 2021) ........................................................ 4

*Jaszczyszyn v. SunPower Corp.*,
    2024 WL 3463348 (N.D. Cal. July 17, 2024) ................................................... 2, 4

*Khoja v. Orexigen Therap., Inc.*,
    899 F.3d 988 (9th Cir. 2018) .................................................................... *passim*

*Metzler Inv. GMBH v. Corinthian Colls. Inc.*,
    540 F.3d 1049 (9th Cir. 2008) ............................................................................ 6

*Mulquin v. Nektar Therapeutics*,
    510 F. Supp. 3d 854 (N.D. Cal. 2020) ................................................................ 7

*In re Netflix, Inc. Sec. Litig.*,
    2005 WL 1562858 (N.D. Cal. June 28, 2005) ..................................................... 6

*In re Nuko Info. Sys., Inc. Sec. Litig.*,
    199 F.R.D. 338 (N.D. Cal. 2000) ........................................................................ 6

*In re Nuvelo, Inc.*,
    668 F. Supp. 2d 1217 (N.D. Cal. 2009) ............................................................... 8

*In re NVIDIA Corp. Sec. Litig.*,
    768 F.3d 1046 (9th Cir. 2014) ............................................................................ 2

*In re Palo Alto Networks, Inc. Sec. Litig.*,
    2025 WL 1093247 (N.D. Cal. April 11, 2025) .............................................. 2, 5, 6

*Park v. GoPro, Inc.*,
    2019 WL 1231175 (N.D. Cal. Mar. 15, 2019) .................................................. 4, 5

*Pirani v. Netflix, Inc.*,
    710 F. Supp. 3d 756 (N.D. Cal. 2024) ................................................................ 3

*In re Rackable Sys., Inc. Sec. Litig.*,
    2010 WL 3447857 (N.D. Cal. Aug. 27, 2010) ................................................. 6, 7

*ScripsAmerica, Inc. v. Ironridge Glob. LLC*,
    119 F. Supp. 3d 1213 (C.D. Cal. 2015) ............................................................... 7

COOLEY LLP
ATTORNEYS AT LAW
CHICAGO

- iii -

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*SEB Inv. Mgmt. AB v. Wells Fargo & Co.*,
   742 F. Supp. 3d 1003 (N.D. Cal. 2024) .................................................................................. 4

*Shnayder v. Allbirds, Inc.*,
   2025 WL 1745596 (N.D. Cal. June 23, 2025) .................................................................. 5, 7

*Sneed v. AcelRx Pharms., Inc.*,
   2023 WL 4412164 (N.D. Cal. July 7, 2023) ........................................................................ 7

*In re SolarCity Corp. Sec. Litig.*,
   274 F. Supp. 3d 972 (N.D. Cal. 2017) .............................................................................. 5, 6

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
   551 U.S. 308 (2007) .................................................................................................... *passim*

*In re Tesla, Inc. Sec. Litig.*,
   477 F. Supp. 3d 903 (N.D. Cal. 2020) .................................................................................. 7

*In re Thoratec Corp. Sec. Litig.*,
   2006 WL 1305226 (N.D. Cal. May 11, 2006) ...................................................................... 8

*In re Twitter, Inc. Sec. Litig.*,
   2020 WL 4187915 (N.D. Cal., April 17, 2020) .................................................................... 8

*von Saher v. Norton Simon Museum of Art at Pasadena*,
   592 F.3d 954 (9th Cir. 2010) ................................................................................................ 6

*Waterford Twp. Police v. Mattel, Inc.*,
   321 F. Supp. 3d 1133 (C.D. Cal. 2018) ................................................................................ 6

*Wenger v. Lumisys, Inc.*,
   2 F. Supp. 2d 1231 (N.D. Cal. 1998) .................................................................................... 7

*In re Wet Seal, Inc. Sec. Litig.*,
   518 F. Supp. 2d 1148 (C.D. Cal. 2007) ................................................................................ 6

*Wietschner v. Monterey Pasta Co.*,
   294 F. Supp. 2d 1102 (N.D. Cal. 2003) ............................................................................ 3, 5

*Wochos v. Tesla, Inc.*,
   2019 WL 1332395 (N.D. Cal. Mar. 25, 2019) ...................................................................... 7

*Zucco Partners, LLC v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009) ................................................................................................ 1

COOLEY LLP
ATTORNEYS AT LAW
CHICAGO

- iv -

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 1

Fed. R. Evid. 201 .................................................................................................. 1, 5, 6

COOLEY LLP
ATTORNEYS AT LAW
CHICAGO

- v -

**PLEASE TAKE NOTICE** that Defendants Geron Corporation ("Geron"), and individual Defendants John A. Scarlett, Andrew J. Grethlein, Michelle J. Robertson, Faye Feller, Anil Kapur, and Jim Ziegler (collectively, "Defendants") hereby request that the Court consider under the incorporation by reference doctrine and/or take judicial notice of the exhibits identified below, all of which are attached as exhibits to the Declaration of Ryan E. Blair ("Blair Declaration" or "Blair Decl.") in support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (the "Motion to Dismiss"), filed concurrently herewith.[1]

## I.     INTRODUCTION

The Court should consider Exhibits 1–37 because they provide the context the Supreme Court requires this Court to consider in evaluating whether Plaintiffs have adequately pled a securities fraud claim. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322–23 (2007). The exhibits are listed in detail in **Addendum A** and are either incorporated by reference into the AC or are properly subject to judicial notice under Federal Rule of Evidence 201.

## II.     ARGUMENT

When evaluating securities fraud complaints, courts "***must*** consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* at 322; *see Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009) (same). Considering such documents does not convert a motion to dismiss into a summary judgment motion. *Khoja v. Orexigen Therap., Inc.*, 899 F.3d 988, 998–99 (9th Cir. 2018).

Although well-pled allegations are assumed true for the purposes of a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007), Plaintiffs may not use this principal as a license to make (or make up) ***any*** allegations with impunity. The Court is "not . . . required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to

---

[1] Unless otherwise noted, all "¶" references are to the Amended Complaint (ECF No. 40, "AC"), all "Ex." references are to exhibits attached to the Blair Declaration filed herewith (pincites are to pages in the source documents themselves unless otherwise paginated). All emphasis is added, and all internal quotation marks and citations are omitted unless otherwise noted. Certain exhibits attached to the Blair Declaration have been excerpted and highlighted for the Court's convenience.

judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *see In re Palo Alto Networks, Inc. Sec. Litig.*, 2025 WL 1093247, at *10 n.7 (N.D. Cal. April 11, 2025) (assuming the truth of a document incorporated by reference to rebut plaintiffs' "conclusory allegation that [defendant's] stock sales were unusual"). Instead, the Court must "analyze[] an alleged false statement in context," *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. April 28, 2020), which "matters in the Court's assessment of how a reasonable investor would consider the allegedly false statements," *Jaszczyszyn v. SunPower Corp.*, 2024 WL 3463348, at *3 (N.D. Cal. July 17, 2024). And not only is the Court permitted to consider these documents for context, the Court "must" do so. *Tellabs*, 551 U.S. at 322-24 ("The strength of an inference cannot be decided in a vacuum."). Moreover, where, as here, a plaintiff's allegations are conclusory, as opposed to well-pled, the Court is not prevented "from using the doctrines of judicial notice or incorporation by reference to create factual disputes[.]" *Eventbrite*, 2020 WL 2042078, at *7.

Exhibits 1–37—which include filings with the U.S. Securities and Exchange Commission ("SEC"), transcripts of earnings and conference calls, press releases and other information on Geron's website, analyst reports, publicly available guidelines from the National Comprehensive Cancer Network ("NCCN"), and scientific journal articles—are all either incorporated by reference into the AC or are the proper subjects of judicial notice.

**A.** **The Court May Consider Documents Incorporated by Reference into the AC (Exhibits 1–2, 5–35).**

Incorporation by reference "treats certain documents as though they are part of the complaint itself" and thus "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (quoting *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*,

963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013)). This means the Court may consider documents that are "necessary to [p]laintiffs' allegations, even if not explicitly referenced in the [c]omplaint," *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003), including documents containing the alleged false and misleading statements. *Pirani v. Netflix, Inc.*, 710 F. Supp. 3d 756, 766 (N.D. Cal. 2024) (incorporating documents that contain challenged statements by reference). The reason for this rule is well-settled: "to prevent plaintiffs from highlighting only the portions of certain documents that support their claims, while omitting portions of those documents that weaken their claims." *In re Fastly, Inc. Sec. Litig.*, 2021 WL 5494249, at *5 (N.D. Cal. Nov. 23, 2021); *see Khoja*, 899 F.3d at 1002–03 ("[T]he incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs[.]"); *Eventbrite*, 2020 WL 2042078, at *7 (similar). That is exactly what Plaintiffs attempt to do here.

**1.    Documents Containing the Alleged False and Misleading Statements and the Alleged Corrective Disclosure Are Incorporated by Reference (Exhibits 5–6, 8–9, 11–12, 18, 20, 22–23, 25–27, and 29–32)**

The documents containing allegedly false or misleading statements, as well as the alleged corrective disclosure, "form the basis of [Plaintiffs'] claims." *Khoja*, 899 F.3d at 1004–05; *see, e.g.*, *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) (documents containing alleged misrepresentations and corrective disclosures form the basis of a Section 10(b) claim and are subject to incorporation by reference).

Not only are Exhibits 5–6, 8–9, 11–12, 18, 20, 23, and 25–27 quoted extensively in the AC (*see* Addendum A), but they are expressly challenged as false and misleading in the AC. Plaintiffs also rely on Exhibit 29 to allege it revealed the truth of Defendants' alleged fraud. ¶¶ 141–57; *see Khoja*, 899 F.3d at 1002. Further, Plaintiffs quote several analyst reports to claim these reports somehow revealed the "truth" of Defendants' alleged fraud. ¶¶ 151–57 (quoting Exs. 30–32). This alleged corrective disclosure also forms the basis of Plaintiffs' claims and these documents are therefore incorporated by reference. *Apple*, 2020 WL 2857397, at *5–6. The AC's reliance on Geron's 2024 Form 10-K, ¶ 180 (quoting Ex. 33), and various analyst reports, ¶ 182 (quoting Ex. 22), ¶¶ 185–87 (quoting Exs. 30–32), to "add to the overall" inference of scienter, ¶ 188, similarly makes these reports subject to incorporation by reference because they form the basis of Plaintiffs'

claims. *SunPower Corp.*, 2024 WL 3463348, at *4 (analyst reports quoted in the complaint "to allege falsity" "form the basis of Plaintiff's securities fraud claims"); *SEB Inv. Mgmt. AB v. Wells Fargo & Co.*, 742 F. Supp. 3d 1003, 1017 (N.D. Cal. 2024) (report quoted in the complaint to support "an inference of scienter" "appropriate to be incorporated-by-reference"); *Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *6 (C.D. Cal. Mar. 5, 2021) (post-class period analyst report incorporated by reference where plaintiff alleged it "revealed the truth" about defendants' fraud).

> **2.    Documents upon which Plaintiffs Extensively Rely Are also Incorporated by Reference (Exhibits 1–2, 7, 10, 13–17, 19, 21, 24, 28, and 33–35)**

Exhibits 1–2, 7, 10, 13–17, 19, 21, 24, 28, and 33–35 form the basis of Plaintiffs' claims and/or are extensively quoted or relied on in the AC, and therefore such documents also may be considered by the Court. *See* Addendum A; *Khoja*, 899 F.3d at 1002. A single cite may be "extensive" if it is "relatively lengthy." *Khoja*, 899 F.3d at 1003; *Fastly*, 2021 WL 5494249, at *5–7 (finding documents referenced in the complaint only in a single paragraph as incorporated by reference). Because Exhibits 1–2, 7, 10, 13–17, 19, 21, 24, 28, and 33–35 are cited extensively throughout the AC, these documents are incorporated by reference. *See* Addendum A.

Moreover, even if a particular document is not explicitly referenced in the AC, it can be incorporated by reference if its "integral" to it. *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1165 (N.D. Cal. 2019) ("[A] document may be incorporated even if it is never referenced directly in the complaint if the claim necessarily depended on the document."). As such, it is critical that the Court consider these documents in their entirety when ruling on Defendants' Motion to Dismiss because, among other things, they provide important context the Supreme Court requires this Court to consider. *Tellabs*, 551 U.S. at 322–23. These documents include:

- **June 6, 2024, Geron Press Release (Ex. 10).** The AC pleads that the FDA "approved Rytelo on June 6, 2024," and generally challenges Defendants' preparedness for Rytelo's subsequent launch. This press release reflects Geron's hopes for Rytelo's launch given FDA's approval decision, as well as describes Rytelo's prescribing information and what patient population the drug is indicated for—all of which were echoed during the June 7, 2024 Special Call at issue in many challenged statements. *See* ¶¶ 100–05; *Park v. GoPro, Inc.*, 2019 WL 1231175, at *1–2, *5 (N.D. Cal. Mar. 15, 2019) (press release accompanying conference call incorporated by reference where alleged false and misleading statements made during conference call).

- **July 2024 NCCN Guidelines (Ex. 16)**. Plaintiffs extensively refer to the NCCN Guidelines to challenge as false Defendants' claim that the "NCCN guidelines have put RYTELO in a strong competitive position." ¶ 111. The contents of the NCCN Guidelines, including how the NCCN recommends Rytelo, thus forms the basis of Plaintiffs' falsity claim.

- **August 8, 2024, Geron Presentation (Ex. 21)**. While the AC does not specifically reference Exhibit 21, this presentation was displayed during the August 8, 2024 Second Quarter FY 2024 Earnings Conference Call (Ex. 20), which Plaintiffs claim contained false and misleading statements. ¶¶ 111–14. Because the presentation forms the basis of Defendants' statements during the earnings call, Exhibit 21 forms the basis of Plaintiffs' claim and is thus a proper subject of incorporation by reference. *See Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 592–93 (N.D. Cal. 2019) (finding presentation associated with earnings call incorporated by reference where defendants challenge statements made in the call).

- **February 26, 2025, Geron Press Release (Ex. 28)**. Although not specifically referenced in the AC, this press release forms the basis of Plaintiffs' challenge to the February 26, 2025, Earnings Call, which Plaintiffs cite in at least 40 paragraphs as the alleged corrective disclosure and to support their scienter allegations. *See* ¶¶ 73, 82, 84, 86, 88, 90, 92, 94, 96, 99, 101, 103, 105, 108, 110, 112, 114, 117, 119, 122, 125, 127, 128, 132, 134, 136, 138, 140–49, 166, 173, 214. The accompanying press release to the single most cited document in the AC is the sort of extrinsic document that a court must take into consideration when evaluating a motion to dismiss a securities fraud claim. *Tellabs*, 551 U.S. at 322; *see GoPro*, 2019 WL 1231175, at *1, *5.

- **Proxy Statements and Forms 4 (Exhibits 1–2, 7, 13–14, 35).** Geron's proxy statements and Individual Defendants' Forms 4 reflect Defendants' stock sales during the Class Period and thus form the basis of Plaintiffs' scienter claims. *See, e.g.*, ¶¶ 192–93 (challenging Dr. Grethlein's stock sales). "[C]ourts in this district" consider "SEC Form 4 and proxy statements, even when those documents were not referenced in the pleadings in order to prove that stock sales were made or were not made." *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017); *Palo Alto Networks*, 2025 WL 1093247, at *10 (considering Forms 4 cited to rebut scienter allegations); *Shnayder v. Allbirds, Inc.*, 2025 WL 1745596, at *5 (N.D. Cal. June 23, 2025) (Forms 4 incorporated by reference where they "reflect[ed] the stock sales referenced" in the complaint).

Because Plaintiffs rely on these documents to support scienter and their general theory of fraud, these documents are incorporated by reference. *See, e.g.*, *Khoja*, 899 F.3d at 1002 (incorporating documents that were not mentioned in the complaint); *Wietschner*, 294 F. Supp. 2d at 1109 (incorporation by reference includes documents that are "necessary to Plaintiffs' allegations, even if not explicitly referenced in the Complaint").

### B.    The Court May Take Judicial Notice of Exhibits 1–37.

Federal Rule of Evidence 201 authorizes a court to take judicial notice of any facts that "can

be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Distinct from the doctrine of incorporation by reference, judicial notice extends to "matters of public record outside the pleadings." *In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). The Court should take judicial notice of Exhibits 1–37 to "indicate what was in the public realm at the time." *von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). Courts routinely take judicial notice of SEC filings, earnings call and conference call transcripts and associated presentations, press releases, and other company information on its website, analyst reports, and certain scientific information and journal articles for this purpose. *See, e.g.*, *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 863–64 (N.D. Cal. 2004) (SEC filings, press releases, and conference call transcripts); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143–44 (C.D. Cal. 2018) (same).

**SEC Filings (Exhibits 1–2, 5, 7–8, 10, 13–14, 18–19, 23–24, 28, 33, 35).** Exhibits 1–2, 5, 7–8, 10, 13–14, 18–19, 23–24, 28, 33, and 35 are true and accurate copies of Geron's Forms 3, 4, 8-K, 10-Q, 10-K, and Proxy Statements filed with the SEC. *See* Blair Decl. ¶¶ 2–3, 6, 8–9, 11, 14–15, 19–20, 24–25, 29, 34, 36. "Courts routinely take judicial notice of SEC filings in securities cases where authenticity is not disputed because their accuracy cannot reasonably be questioned." *Apple*, 2020 WL 2857397, at *6; *see, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls. Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicially noticing SEC filings); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (same); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1158 (C.D. Cal. 2007) ("[T]he Court may properly take judicial notice of the SEC filings as public records of undisputed authenticity."); *In re Nuko Info. Sys., Inc. Sec. Litig.*, 199 F.R.D. 338, 341 (N.D. Cal. 2000) ("In a securities fraud action, the court may take judicial notice of public records outside the pleadings, including SEC filings."); *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1009 (N.D. Cal. 2020); *In re Rackable Sys., Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010*); Palo Alto Networks*, 2025 WL 1093247, at *2 n.1 (SEC filings and earnings call transcripts). That includes proxy statements. *SolarCity*, 274 F. Supp. 3d at 988. Therefore, judicial notice of these exhibits is proper.

Cooley LLP
Attorneys at Law
San Diego

6

RJN ISO Defs.' MTD
3:25-cv-02507-VC

**Investor Call Transcripts and Presentations (Exhibits 6, 9, 11–12, 20–21, 25–27, 29).** Exhibits 6, 9, 11–12, 20–21, 25–27, and 29 are true and correct excerpted copies of Geron's conference call transcripts and certain associated presentations. *See* Blair Decl. ¶¶ 7, 10, 12–13, 21–22, 26–28, 30. Courts regularly take judicial notice of publicly available transcripts of earnings and conference calls as well as associated presentations. *See, e.g.*, *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827–28 (N.D. Cal. 2019) (judicial notice appropriate for publicly available transcripts of conference calls); *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979–80 (N.D. Cal. 2010) (presentations and conference calls with analysts); *Allbirds*, 2025 WL 1745596, at *4–5; *Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 863 (N.D. Cal. 2020), *aff'd sub nom. In re Nektar Therapeutics Sec. Litig.*, 34 F.4th 828 (9th Cir. 2022); *Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1242–43 (N.D. Cal. 1998); *Rackable Sys.*, 2010 WL 3447857, at *3. Therefore, judicial notice of Exhibits 6, 9, 11–12, 20–21, 25–27, and 29 is proper.

**Press Releases and Other Information on Geron's Website (Exhibits 3, 15, 17, 34, 37).** Exhibits 3, 15, 17, 34, and 37 are true and correct copies of Geron's press releases and Rytelo's patient brochure that are publicly available on Geron's website. *See* Blair Decl. ¶¶ 4, 16, 18, 35, 38. Judicial notice of such publicly available press releases is proper. *See, e.g.*, *In re Tesla, Inc. Sec. Litig.*, 477 F. Supp. 3d 903, 920 (N.D. Cal. 2020); *Allbirds*, 2025 WL 1745596, at *4–5; *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1231 (C.D. Cal. 2015) ("Taking judicial notice of news reports and press releases is appropriate to show 'that the market was aware of the information contained in news articles.'"); *In re Biovie Inc. Sec. Litig.*, 2025 WL 947667, at *7 (D. Nev. Mar. 27, 2025) (taking judicial notice of press releases from both pre- and post-class period); *Sneed v. AcelRx Pharms., Inc.*, 2023 WL 4412164, at *3–4 (N.D. Cal. July 7, 2023) (taking judicial notice of drug information publicly available on the company's website), *aff'd sub nom. Sneed v. Talphera, Inc.*, 147 F.4th 1123 (9th Cir. 2025). Therefore, the Court should take judicial notice of Exhibits 3, 15, 17, 34, and 37.

**Analyst Reports (Exhibits 22, 30–32).** Exhibits 22 and 30–32 are true and correct copies of Analyst Reports that are publicly available. *See* Blair Decl. ¶¶ 23, 31–33. Courts "routinely take

Cooley LLP
Attorneys at Law
San Diego

7

RJN ISO Defs.' MTD
3:25-cv-02507-VC

judicial notice of analyst reports, not in order to take notice of the truth of the matters asserted therein, but in order to determine what may or may not have been disclosed to the public." *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011), *aff'd*, 704 F.3d 1119 (9th Cir. 2013), and *aff'd*, 729 F.3d 1104 (9th Cir. 2013); *see Apple*, 2020 WL 2857397, at *6; *In re Twitter, Inc. Sec. Litig.*, 2020 WL 4187915, at *2 (N.D. Cal., April 17, 2020). Therefore, judicial notice of Exhibits 22 and 30–32 is proper.

**NCCN Guidelines (Exhibit 16).** Exhibit 16 is a true and correct copy of the NCCN Guidelines that are publicly available on NCCN's website. Blair Decl. ¶ 17. "Courts hearing securities fraud cases routinely take judicial notice of documents with unquestioned authenticity that demonstrate the information available to the market during the class period." *In re Nuvelo, Inc.*, 668 F. Supp. 2d 1217, 1220 (N.D. Cal. 2009); *see Constr. Laborers Pension Tr. of Greater St. Louis v. Neurocrine Biosciences, Inc.*, 2008 WL 2053733, at *6 (S.D. Cal. May 13, 2008) (judicially noticing FDA guidelines as a document publicly "available to a reasonable investor during the class period"); *Ferraro Fam. Found., Inc. v. Corcept Therap. Inc.*, 501 F. Supp. 3d 735, 751–52 (N.D. Cal. 2020) (judicially noticing "Clinical Guidelines"). Therefore, judicial notice of Exhibit 16 is proper.

**Scientific Journal Articles (Exhibit 4, 36).** Exhibits 4 and 36 are true and correct copies of scientific journal articles that are publicly available online. Blair Decl. ¶¶ 5, 37. Articles in scientific journals are proper subjects of judicial notice. *See, e.g.*, *In re Thoratec Corp. Sec. Litig.*, 2006 WL 1305226, at *4 (N.D. Cal. May 11, 2006). Therefore, the Court should take judicial notice of Exhibits 4 and 36.

### III.   CONCLUSION

As set forth above, many documents cited in the AC form the basis of Plaintiffs' claims and/or are extensively referred to and relied upon in the AC. The Court is entitled to review the entirety of these documents in evaluating the allegations in the AC under the incorporation by reference doctrine and judicial notice. In securities cases like this one, the Supreme Court mandates that the Court consider these materials. *Tellabs*, 551 U.S. at 322–23. For this and all the reasons stated above, Defendants respectfully ask the Court take judicial notice of and/or find that the

Cooley LLP
Attorneys at Law
San Diego

8

**RJN ISO Defs.' MTD**
**3:25-cv-02507-VC**

requested documents are incorporated by reference into the AC in evaluating Defendants' Motion to Dismiss.

Dated: October 7, 2025                           COOLEY LLP


By: */s/ Ryan E. Blair*
    Ryan E. Blair

*Attorney for Defendants*

**ADDENDUM A**

| Ex. | DOCUMENT DESCRIPTION | BASIS FOR CONSIDERATION |
|---|---|---|
| 1 | Geron's Schedule 14A Proxy Statement, filed with the SEC on March 22, 2022. | Incorporated by Reference (¶¶ 189, 199–200)<br><br>Judicial Notice |
| 2 | Anil Kapur's Forms 4 filed with the SEC on July 1, 2022, January 3, 2023, February 24, 2023, June 30, 2023, February 16, 2024, June 7, 2024, and June 12, 2024. | Incorporated by Reference (¶¶ 189, 199–200)<br><br>Judicial Notice |
| 3 | Geron's press release, titled *Geron Announces Positive Top-Line Results from IMerge Phase 3 Trial of Imetelstat in Lower Risk MDS*, published on January 4, 2023. | Judicial Notice |
| 4 | Article by Edward R. Scheffer Cliff, MBBS, MPH et al. on the JAMA Network Open website, titled *National Comprehensive Cancer Network Guideline Recommendations of Cancer Drugs With Accelerated Approval*, dated November 14, 2023. | Judicial Notice |
| 5 | Geron's Form 10-K for FY2023 ended December 31, 2023, filed with the SEC on February 28, 2024. | Incorporated by Reference (¶¶ 30, 33–34, 36, 39, 52–53, 83–85, 91, 204)<br><br>Judicial Notice |
| 6 | Transcript of Geron's Fourth Quarter and FY2023 Earnings Conference Call, held on February 28, 2024. | Incorporated by Reference (¶¶ 3, 55, 57, 65, 87–89, 164, 198, 215)<br><br>Judicial Notice |
| 7 | Geron's Schedule 14A Proxy Statement, filed with the SEC on March 27, 2024. | Incorporated by Reference (¶¶ 189–196)<br><br>Judicial Notice |
| 8 | Geron's Form 10-Q for the quarter ended March 31, 2024, filed with the SEC on May 2, 2024. | Incorporated by Reference (¶¶ 83, 91–92)<br><br>Judicial Notice |

| Ex. | DOCUMENT DESCRIPTION | BASIS FOR CONSIDERATION |
|---|---|---|
| 9 | Transcript of Geron's First Quarter FY2024 Earnings Conference Call, held on May 2, 2024. | Incorporated by Reference (¶¶ 3, 54–55, 93, 95, 97–98)<br><br>Judicial Notice |
| 10 | Geron's press release attached to a Form 8-K, titled *Geron Announces FDA Approval of RYTELO™(imetelstat), a First-in-Class Telomerase Inhibitor, for the Treatment of Adult Patients with Lower-Risk MDS with Transfusion-Dependent Anemia*, published on June 6, 2024 and filed with the SEC on June 7, 2024. | Incorporated by Reference (¶ 29)<br><br>Judicial Notice |
| 11 | Transcript of Geron's RYTELO™ FDA Approval Special Conference Call, held on June 7, 2024. | Incorporated by Reference (¶¶ 29, 66, 100, 102, 104, 193)<br><br>Judicial Notice |
| 12 | Presentation from Geron's Special Conference Call, titled *RYTELO™ (imetelstat) FDA Approval Conference Call*, dated June 7, 2024. | Incorporated by Reference (¶ 100)<br><br>Judicial Notice |
| 13 | Faye Feller's Form 3 filed with the SEC on July 12, 2022, and Forms 4 filed with the SEC on July 12, 2022, February 24, 2023, September 21, 2023, February 16, 2024, June 7, 2024, and June 12, 2024. | Incorporated by Reference (¶¶ 189, 194–96)<br><br>Judicial Notice |
| 14 | Andrew Grethlein's Forms 4 filed with the SEC on June 7, 2024, July 10, 2024, and February 20, 2025. | Incorporated by Reference (¶¶ 189–93)<br><br>Judicial Notice |
| 15 | Geron's press release, titled *Geron Corporation Announces Chief Commercial Officer to Depart at End of August 2024*, published on July 23, 2024. | Incorporated by Reference (¶¶ 21, 78, 84, 86, 88, 90, 92, 99, 108, 110, 112, 114, 117, 140, 167, 169, 195)<br><br>Judicial Notice |
| 16 | National Comprehensive Cancer Network's ("NCCN") Guiding Treatment for Myelodysplastic Syndromes, published on July 31, 2024. | Incorporated by Reference (¶¶ 35, 46, 111)<br><br>Judicial Notice |

| Ex. | DOCUMENT DESCRIPTION | BASIS FOR CONSIDERATION |
|---|---|---|
| 17 | Geron's press release, titled *Geron Announces Updated NCCN Guidelines® Recommending RYTELO™ (imetelstat) for Symptomatic Anemia in Patients with Lower-Risk MDS*, published on July 26, 2024. | Incorporated by Reference (¶¶ 35, 46, 111) <br><br> Judicial Notice |
| 18 | Geron's Form 10-Q for the quarter ended June 30, 2024, and filed with the SEC on August 8, 2024. | Incorporated by Reference (¶¶ 43, 106–107, 109–10, 118) <br><br> Judicial Notice |
| 19 | Geron's press release attached to a Form 8-K, titled *Geron Corporation Reports Second Quarter 2024 Financial Results and Business Highlights*, published and filed with the SEC on August 8, 2024. | Incorporated by Reference (¶ 106) <br><br> Judicial Notice |
| 20 | Transcript of Geron's Second Quarter FY2024 Earnings Conference Call, held on August 8, 2024. | Incorporated by Reference (¶¶ 5, 40, 55, 111, 113, 191) <br><br> Judicial Notice |
| 21 | Presentation from Geron's Second Quarter FY2024 Earnings Conference Call, titled *Q2 2024 Earnings Call*, dated August 8, 2024. | Incorporated by Reference (¶¶ 111–14) <br><br> Judicial Notice |
| 22 | Scotiabank GBM analyst report, titled *Survival of the Fittest, Teeing Up Telomerase; Initiating Coverage on Geron Corporation at Sector Outperform*, published on October 15, 2024. | Incorporated by Reference (¶¶ 43, 182) <br><br> Judicial Notice |
| 23 | Geron's excerpted Form 10-Q for the Third Quarter 2024 ended September 30, 2024, filed with the SEC on November 7, 2024. | Incorporated by Reference (¶¶ 43, 107, 109, 115–116, 118) <br><br> Judicial Notice |
| 24 | Geron's press release attached to a Form 8-K, titled *Geron Corporation Reports Third Quarter 2024 Financial Results and Business Highlights*, dated and filed with the SEC on November 7, 2024. | Incorporated by Reference (¶¶ 33, 181, 206–207) <br><br> Judicial Notice |

| Ex. | Document Description | Basis For Consideration |
|---|---|---|
| 25 | Transcript of Geron's Third Quarter FY2024 Earnings Conference Call, held on November 7, 2024. | Incorporated by Reference (¶¶ 33, 40, 120–121, 123–124, 126, 128, 165, 215)<br><br>Judicial Notice |
| 26 | Transcript of the Stifel 2024 Healthcare Conference, held on November 18, 2024. | Incorporated by Reference (¶¶ 130–136)<br><br>Judicial Notice |
| 27 | Transcript of the 7th Annual Evercore ISI HealthCONx Conference, held on December 4, 2024. | Incorporated by Reference (¶¶ 137–139)<br><br>Judicial Notice |
| 28 | Geron's press release attached to a Form 8-K, titled *Geron Corporation Reports Fourth Quarter and Full Year 2024 Financial Results and Recent Business Highlights*, published and filed with the SEC on February 26, 2025. | Incorporated by Reference (¶¶141–44)<br><br>Judicial Notice |
| 29 | Transcript of Geron's Fourth Quarter and FY2024 Earnings Conference Call, held on February 26, 2025. | Incorporated by Reference (¶¶ 3, 6, 51, 69, 73, 82, 84, 86, 88, 90, 92, 94, 96, 99, 101, 103, 105, 108, 110, 112, 114, 117, 119, 122, 125, 127, 129, 132, 134, 136, 138, 140–149, 166–167, 173, 175, 185, 214, 216)<br><br>Judicial Notice |
| 30 | Needham & Company, LLC analyst report, titled *4Q:24 Earnings Update; Softness in New Patient Adds; Target to $5*, published on February 26, 2025. | Incorporated by Reference (¶¶ 155, 187, 217)<br><br>Judicial Notice |

Cooley LLP<br>Attorneys at Law<br>San Diego

13

RJN ISO Defs.' MTD<br>3:25-cv-02507-VC

| EX. | DOCUMENT DESCRIPTION | BASIS FOR CONSIDERATION |
|---|---|---|
| 31 | Scotiabank GBM analyst report, titled *Rytelo Launch Trajectory Slows and Broad Adoption May Take Time: Thoughts Post 4Q24 Call*, published on February 26, 2025. | Incorporated by Reference (¶¶ 157, 187)  Judicial Notice |
| 32 | Seeking Alpha article by Stephen Ayers, titled *Geron: Rytelo's Market Share Concerns Justified As 3L Dominates Early Sales*, published on February 26, 2025. | Incorporated by Reference (¶¶ 185–186)  Judicial Notice |
| 33 | Geron's excerpted Form 10-K for FY ended December 31, 2024, filed with the SEC on February 27, 2025. | Incorporated by Reference (¶¶ 42–43, 46, 94, 96, 101, 103, 105, 107–108, 141–44, 180, 201–05, 209–11, 230)  Judicial Notice |
| 34 | Geron's press release, titled *Geron Corporation Announces Departure of Chief Executive Officer*, published on March 11, 2025. | Incorporated by Reference (¶¶ 17, 84, 86, 88, 90, 92, 99, 108, 110, 112, 114, 117, 140, 175–78)  Judicial Notice |
| 35 | Geron's excerpted Schedule 14A Proxy Statement, filed with the SEC on April 8, 2025. | Incorporated by Reference (¶¶ 189–200)  Judicial Notice |
| 36 | Article by Amer M. Zeidan et al. on the Journal of Clinical Oncology public website, titled *IMerge: Results from a phase 3, randomized, double-blind, placebo-controlled study of imetelstat in patients (pts) with heavily transfusion dependent (TD) non-del(5q) lower-risk myelodysplastic syndromes (LR-MDS) relapsed/refractory (R/R) to erythropoiesis stimulating agents (ESA)*, published on May 31, 2023. | Judicial Notice |
| 37 | Geron's patient brochure for Rytelo, dated September 2024. | Judicial Notice |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

RJN ISO DEFS.' MTD
3:25-CV-02507-VC