COOLEY LLP
RYAN E. BLAIR (246724)
(rblair@cooley.com)
10265 Science Center Drive
San Diego, California 92121-1117
Telephone:    +1 858 550 6000
Facsimile:    +1 858 550 6420

*Attorney for Defendants and Nominal Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GERON CORPORATION SECURITIES LITIGATION | Case No. 3:25-cv-02507-VC |
| | **UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| | (Civil L.R. 3-12 and 7-11) |

[Caption continued on next page]

| | |
|---|---|
| IN RE GERON CORPORATION DERIVATIVE LITIGATION | Case No. 3:25-07507-CRB<br><br>Hon. Charles R. Breyer |
| JUNG JAE HYUNG, Derivatively on Behalf of Geron Corporation,<br><br>               Plaintiff,<br><br>v.<br><br>DAWN C. BIR, JOHN A. SCARLETT, ANDREW J. GRETHLEIN, MICHELLE J. ROBERTSON, FAYE FELLER, ANIL KAPUR, JIM ZIEGLER, GAURAV AGGARWAL, V. BRYAN LAWLIS, JOHN F. MCDONALD, SUSAN M. MOLINEAUX, ELIZABETH G. O'FARRELL, and ROBERT J. SPIEGEL,<br><br>               Defendants,<br><br>    and,<br><br>GERON CORPORATION,<br><br>               Nominal Defendant. | Case No. 3:25-08575-SK<br><br>Hon. Sallie Kim |

Pursuant to Civil Local Rules 3-12 and 7-11, Defendants Dawn C. Bir, John A. Scarlett, Andrew J. Grethlein, Michelle J. Robertson, Faye Feller, Anil Kapur, Jim Ziegler, Gaurav Aggarwal, V. Bryan Lawlis, John F. McDonald, Susan M. Molineaux, Elizabeth G. O'Farrell, Robert J. Spiegel, and Nominal Defendant Geron Corporation (collectively, "Defendants") in the action *Hyung v. Bir, et al.*, Case No. 3:25-cv-08575-SK (N.D. Cal.) (the *"Hyung* Derivative Action") respectfully request the Court deem the *Hyung* Derivative Action related to *In re Geron Corporation Securities Litigation*, Case No. 3:25-cv-02507-VC (the "Securities Class Action") and *In re Geron Corporation Derivative Litigation*, Case No. 3:25-cv-03356-CRB (the "Consolidated Derivative Action"). The Court previously deemed the Securities Class Action and the Consolidated Derivative Action related. *See* ECF No. 28. As discussed below, the criteria for relation are met here. The *Hyung* Derivative Action concerns substantially similar transactions, parties, events, and legal issues. It is therefore likely there would be unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. *See* Civil L.R. 3-12(a)(1) & (2). Plaintiff Jung Jae Hyung does not oppose this motion. Relating these cases and placing them under the supervision of one judge is likely to serve judicial efficiency and may facilitate and expedite resolution of the cases. Therefore, relation is proper under Civil L.R. 3-12.

**LEGAL STANDARD**

Pursuant to Civil Local Rule 3-12(a), actions are related when: "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

**ARGUMENT**

Both criteria are met here. The Securities Class Action, the Consolidated Derivative Action, and the *Hyung* Derivative Action involve many of the same transactions and contain similar and overlapping sets of factual allegations as well as some of the same parties. Specifically, the Securities Class Action, the Consolidated Derivative Action, and the *Hyung* Derivative Action arise, at least in part, from the same allegedly false and misleading statements made by executives

1

of Geron Corporation ("Geron"). The Securities Class Action alleges violations of the federal securities laws by Geron, as well as defendants John A. Scarlett ("Scarlett"), Andrew J. Grethlein ("Grethlein"), Michelle J. Robertson ("Robertson"), Faye Feller ("Feller"), Anil Kapur ("Kapur"), and James Ziegler ("Ziegler"). The Consolidated Derivative Action and the *Hyung* Derivative Action allege that Scarlett, Grethlein, Robertson, Feller, Kapur, Ziegler, and others breached the fiduciary duties they owe to Geron and its shareholders in connection with, *inter alia*, the same statements that are alleged to be materially false and misleading in the Securities Class Action.

Given the similarities between these cases and the fact that these cases are all pending in this District, treating the cases as related would serve the interests of judicial economy and avoid the potential for conflicting rulings on common issues. Because the requirements of Civil Local Rule 3-12 are met, relation is appropriate. *In re Leapfrog Enterprises Inc. Sec. Litig.*, 2005 WL 5327775, at *1 (N.D. Cal. July 5, 2005) (relating cases where the cases concerned the same defendants, similar factual allegations, and similar causes of action).

## CONCLUSION

Defendants respectfully submit that the overlap of parties and factual issues among these actions warrants coordination before a single judge. Otherwise, litigation of the actions may result in unwarranted duplication of judicial effort, waste of resources, and possibly inconsistent results. For all the foregoing reasons, Defendants respectfully request that the Court enter the proposed order submitted herewith, administratively relating the *Hyung* Derivative Action to the Securities Class Action and the Consolidated Derivative Action.

Dated: October 30, 2025                                        COOLEY LLP


                                                              By: */s/ Ryan E. Blair*
                                                                   Ryan E. Blair

                                                              *Attorneys for Defendants and Nominal Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the Electronic Mail Notice for this action.

By: /s/ Ryan E. Blair
   Ryan E. Blair

3                    UNOPPOSED ADMIN. MT TO RELATE CASES
                     3:25-CV-02507-VC