**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Co-Lead Plaintiffs Robbie*
*Dickson and Joseph M. Stacy, Jr.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GERON CORPORATION SECURITIES LITIGATION | Master File No. 3:25-cv-02507-VC |
| | CLASS ACTION |
| | **OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| | Hearing Date: March 5, 2026<br>Hearing Time: 10:00 a.m.<br>Judge: Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor |

OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

## I.    PRELIMINARY STATEMENT

In their Request for Judicial Notice and for Incorporation by Reference in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint ("RJN"), ECF 51, Defendants ask the Court to judicially notice *thirty-seven (37)* extraneous exhibits totaling over 708 pages in a blatant attempt to circumvent and dispute the Complaint's[1] well-pleaded factual allegations and "present their own version of the facts at the pleading stage. . . ." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). The "undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Id.*[2] Indeed, many of the exhibits Defendants rely on in support of their Motion to Dismiss Plaintiffs' Amended Complaint ("MTD") (ECF 50) are not even cited in the Complaint and, thus, not the proper subject of judicial notice.

Under the guise of "context" (MTD at 1-2, 4, 12, 19), Defendants impermissibly seek the documents be considered for their truth. A court may not consider extraneous materials for their truth unless it elects to convert the motion to one for summary judgment and permit Plaintiffs to take discovery. Fed. R. Civ. P. 12(d); 15 U.S.C. § 78u-4. For the reasons set forth below, Defendants' Exhibits cannot be appropriately considered at this juncture. Should the Court consider any of the exhibits proffered in support of Defendants Motion to Dismiss, it should disregard the truth of the matter asserted or convert their motion to dismiss into a motion for summary judgment.

## II.    ARGUMENT

### A.  <u>Legal Standard</u>

Generally, courts "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). The Ninth Circuit has admonished against "the unscrupulous use of extrinsic documents to resolve competing theories" in securities cases like this one with heightened pleading requirements. *Khoja*, 899 F.3d at 998.

---

[1] References to "¶__" are to Plaintiffs' Amended Complaint ("Complaint") filed on August 8, 2025 (ECF 40). All defined terms have the same definitions ascribed to them in the AC.
[2] Unless otherwise noted, all citations and quotation marks are omitted and emphasis is added.

1

The "overuse and improper application of judicial notice and the incorporation-by-reference doctrine" has led to "undermining of the usual pleading burdens," which is "not the purpose of judicial notice or the incorporation-by-reference doctrine." *Id.* at 998-99.

**Incorporation by Reference**: The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself." *Sinatro v. Barilla Am., Inc.*, 2022 WL 10128276, at *5 (N.D. Cal. Oct. 17, 2022) (citing *Khoja*, 899 F.3d at 1002).  A document may only be considered incorporated by reference if the "plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id*. "[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).  Likewise, "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Khoja*, 899 F.3d at 1002.  The Ninth Circuit has made clear that the incorporation by reference doctrine "is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.* at 1003. Thus, "[i]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.*; *see also, Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1166 (9th Cir. 2022); *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019) (declining to incorporate by reference documents which defendants "attempt to use . . . to create a disputed version of the facts alleged and/or to create a defense to the allegations in the Complaint").

**Judicial Notice**: A court may only take judicial notice of a fact if it is "not subject to reasonable dispute." *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011) (citing Fed. R. Evid. 201(b)).  A fact is "not subject to reasonable dispute" if it is "generally known[,]" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).  Judicial notice is, therefore, constrained to those rare instances where certain matters cannot be seriously challenged.  *Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*, 2008 WL 346421, at *8 (S.D. Cal. Feb. 6, 2008). Judicial notice is *not*, however, the proper vehicle to resolve factual disputes. *Khoja*, 899 F.3d at 999 ("[A] court cannot take judicial notice of disputed facts contained in such public records."); *see also Morris v. Smith*

*Micro Software, Inc.*, 2012 WL 12948541, at *3 (C.D. Cal. May 21, 2012) ("[t]he truth of the content, and the inferences properly drawn from [SEC documents], however, is not a proper subject of judicial notice").  Further, if a court takes judicial notice of a document, it must identify the specific fact or facts it is noticing from the document.  *Khoja,* 899 F.3d at 999 ("[A]ccuracy is only part of the inquiry…[a] court must also consider –and identify—which fact or facts it is noticing[.]").

### B. <u>Defendants' Use of Incorporation by Reference and Judicial Notice is Improper</u>

Following *Khoja*, courts in this Circuit recognize that, especially in securities class actions, "overuse and improper application of judicial notice and the incorporation-by-reference doctrine" (*Khoja,* 899 F.3d at 998) is grounds for rejecting judicial notice. *See In re Acadia Pharm. Inc. Sec. Litig.*, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) ("[G]iven the number of documents [d]efendants seek to have considered, the Court finds that such documents would more be appropriate in connection with a motion for summary judgment"); *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at **1-2 (C.D. Cal. Apr. 15, 2020) (denying request for judicial notice and incorporation by reference of "six exhibits," ***and even denying the accompanying motion to dismiss***, because "the documents and the arguments raised in the pending Motion that rely upon those documents would more appropriately be considered at summary judgment.").

Defendants' request for judicial notice of ***thirty-seven (37)*** exhibits is abusive because it serves no other purpose than to impermissibly establish Defendants' version of the facts. Indeed, Defendants heavily rely on their proffered Exhibits in the "Statement of Facts" section which includes upwards of ***fifty*** citations to their own Exhibits. Defendants also unnecessarily rely on their Exhibits when the AC already alleges the same facts. *See, e.g.* MTD at 5 (citing Exhibit 16 for the fact that "NCCN Guidelines recommend Rytelo as a second- or third-line treatment for the majority of LR-MDS patients regardless of prior treatment, and as a first-line treatment for certain patients not eligible for ESAs"). There is no need to judicially notice or incorporate by reference entire documents for a single fact already established in the AC.

Defendants' "overuse" of the exhibits ignores *Khoja* and should not be countenanced at the pleading stage. *See Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018)

OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

("[Defendant] is not explaining or arguing the allegations in Plaintiffs' [Complaint] – it is trying to factually rebut them. As *Khoja* makes clear, to grant the request for judicial notice would improperly convert this Rule 12(b)(6) motion into a motion for summary judgment under Rule 56."). Accordingly, the Court should deny Defendants' RJN.

1. **The Court Should Not Consider Exhibits 1, 3, 4, 7, 10, 16, 19, 21, 28, 35, 36, and 37 <u>Because They Are Not Cited Anywhere in, or Relied on By, the Complaint</u>**

Defendants' request for judicial notice of twelve exhibits—Nos. 1, 3, 4, 7, 10, 16, 19, 21, 28, 35, 36, and 37—should be rejected outright because those exhibits are not referenced in, nor relied on, anywhere in the AC. Accordingly, these Exhibits cannot be incorporated by reference. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (incorporation by reference doctrine only appropriate where "plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").[3]

Perhaps the most egregious example is Defendants' request to include Exhibit 37 purporting to be "post-approval marketing materials". MTD at 11, n. 6. Defendants provide no evidence of when these materials were prepared, who prepared them, when or whether they were purportedly provided to physicians, or which physicians received them (if any), among other information.[4] Accordingly, the Court may not consider Exhibit 37 or use it to draw inferences in Defendants' favor.[5]

---

[3] Defendants' claim that *Khoja* allows "incorporating documents that were not mentioned in the complaint" (RJN at 5) is incorrect. *Khoja* did no such thing. In fact, even documents cited in the complaint were not considered incorporated by reference because the citations were not "sufficiently extensive." *Khoja* 899 F.3d at 1003, 1006. Nor were documents from which Khoja's claims "did not arise" considered. *Id*. Defendants' other cases are distinguishable. *Wietschner v. Monterey Pasta Co*., 294 F. Supp. 2d 1102, 1009 (N.D. Cal. 2003) (pre-*Khoja*, judicial notice of documents "crucial to the plaintiff's claims"); *In re Apple Inc. Device Performance Litig*., 386 F. Supp. 3d 1155 (N.D. Cal. 2019) (judicial notice of hardware warranty for undisputed fact that warranty selects the law of the country of purchase); *Evanston Police Pension Fund v. McKesson Corp*., 411 F. Supp. 3d 580, 592–93 (N.D. Cal. 2019) (incorporating by reference transcript of earnings call where complaint alleged they "contained materially false statements…").

[4] On the last page of the Rytelo brochure, it states the brochure is copyrighted September 2024, which supports Plaintiffs' claim that Geron lacked marketing materials at the time of launch and did not have any such materials until well after Rytelo's commercial launch.

[5] Defendants' reliance on *Sneed v. AcelRx Pharms., Inc*., 2023 WL 4412164 at * 3 (N.D. Cal. July 7, 2023) is misplaced because the plaintiffs took "no position on the request." Here, Plaintiffs

Moreover, Exhibit 17, a July 26, 2024 press release entitled "Geron Announces Updated NCCN Guidelines® Recommending RYTELO™ (imetelstat)…" is merely mentioned once in the AC and, therefore insufficient to be incorporated by reference. *Khoja*, 899 F.3d at 1002 ("mere mention of the existence of a document is insufficient to incorporate the contents of a document…"); *Aledlah v. S-L Distribution Company, LLC,* 2020 WL 2927980, at *4 (N.D. Cal., 2020) (finding distribution agreement inappropriate to be "incorporated by reference because it is quoted in one paragraph of the complaint and referenced in another…").[6]

### 2. The Court Should Not Consider Exhibits 1, 2, 3, 4, 13-14, 16, 33, 34, 35, 36, and 37 Because They are Outside the Class Period and/or Irrelevant to Plaintiffs' Claims

The Court should not take judicial notice of Exhibits 1, 2, 3, 4, 13-14, 16, 33, 34, 35, 36, and 37 because they are outside the Class Period and, thus, irrelevant to Plaintiffs' claims. *Bunkley v. Verber*, 2018 WL 1242168, at *2 (N.D. Cal. Mar. 9, 2018) ("[I]f an exhibit is irrelevant or unnecessary to deciding the matters at issue, a request for judicial notice may be denied."). For the same reason, the Court should decline to take judicial notice of Exhibits 3, 4, 16, 36 and 37. Exhibits 3 and 36 are a Geron press release and third-party article, respectively, reporting on Rytelo's clinical trial results and Exhibit 4 is a scientific journal article discussing likely National Comprehensive Cancer Network ("NCCN") guidelines for drugs with accelerated FDA approval—all of which were published outside the Class Period and not the subject of this Action.[7] Exhibit 16 is a copy of the updated National Comprehensive Cancer Network Guidelines for

---

oppose Exhibit 37's use because whether Geron provided marketing materials at the time of the launch is central to Plaintiffs' claims. Moreover, the *Sneed* court only took judicial notice of the *existence* of the website documents, explicitly stating, "[t]he Court does not take notice of the truth of any of the facts asserted in these documents." *Id*. at *4.

[6] Defendants' cases are distinguishable. *In re SolarCity Corp. Sec. Litig*., 274 F. Supp. 3d 972 (N.D. Cal. 2017) (pre-*Khoja*, disallowing documents not in the complaint that "merely create[] a defense" to scienter); *In re Palo Alto Networks, Inc. Sec. Litig*., 2025 WL 1093247, at *10 (N.D. Cal. Apr. 11, 2025) (considering Forms 4 for proposition that earlier stock sales occurred); *Shnayder v. Allbirds, Inc.*, 2025 WL 1745596, at *1 (N.D. Cal. June 23, 2025) (Plaintiff took "no position on the request for judicial notice"); *In re Biovie*, 2025 WL 947667, at *7 (taking "limited judicial notice of [the press releases'] existence[,]" but not to "evaluate the accuracy of their contents").

[7] In *In re Thoratec Corp. Sec. Litig*., 2006 WL 1305226, at *4 (N.D. Cal. May 11, 2006), pre-*Khoja*, the court judicially noticed a scientific journal article discussing clinical trial results where, **unlike here**, complaint referred extensively to the trial results.

5

OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Treatment for Myelodysplastic Syndromes, dated July 31, 2024. The NCCN guidelines, themselves, are not at issue in this case. Rather, Plaintiffs allege Geron's statements about the import of the NCCN guidelines—that they purportedly put Rytelo "in a strong competitive position" (¶111) when Defendants knew otherwise, was false and misleading. *N.L.R.B. v. Vista Del Sol Health Services, Inc.*, 40 F. Supp. 3d 1238, 1249, n.51 (C.D. Cal. 2014) (declining to incorporate irrelevant documents); *Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *6 (C.D. Cal. Dec. 5, 2022) (declining to judicially notice exhibits, including SEC filings, that did not materially bear on plaintiff's theories).[8]

### 3. The Court Cannot Consider Documents Cited in the Complaint That Are in Dispute and Offered Only to Present Defendants' Alternative Version of the Facts for Their Truth

Defendants improperly request that the Court take judicial notice of Exhibits 5, 6, 8, 9, 11, 12, 15, 17, 18, 20 and 22-34, which are Geron press releases, SEC filings, transcripts from earnings calls and certain analyst reports cited in the Complaint, for their truth to present a counternarrative and then ask the Court to draw inferences in Defendants' favor.[9] While the Court may take judicial notice of these exhibits, it cannot consider them for the truth of the matters Defendants assert, nor use them to draw adverse inferences in Defendants' favor because they are in dispute and, at this stage, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Pampena v. Musk*, 705 F. Supp. 3d 1018, 1036–37 (N.D. Cal. 2023); *Khoja*, 899 F.3d at 1000 ("[i]t is improper to judicially notice a transcript when the substance of the transcript is 'subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes'"); *Iron Workers Local 580 Joint Funds v. Nvidia Corp.*, 2020 WL 1244936, at *6 (N.D. Cal. Mar. 16, 2020) (denying request for judicial notice of an exhibit that defendants offered "to contradict Plaintiffs' allegations"); *Shurkin v. Golden State Vintners, Inc.*, 471 F. Supp. 2d 998, 1011 (N.D. Cal. 2006) (taking judicial notice of

---

[8] *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6-8 (N.D. Cal. Mar. 15, 2019) is distinguishable because there, the plaintiffs challenged the quarterly results, from which "several of the [] false statements arise…" *Id.* at *6. Here, the press release does not mention the misstatement.

[9] Only once do Defendants suggest that Plaintiffs provided limited context around the false statements. *See* MTD at 17 n. 16 ("Plaintiffs omit Dr. Scarlett's complete response explaining there are "absolutely" "people who have not yet digested" information about Rytelo…").

OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

SEC filings "not for the truth of the statements contained therein," but to establish documents were publicly-filed on dates specified). Additionally, "[t]he purported use of these documents is to create a dispute about scienter, which is improper." *Lew v. ON Semiconductor Corp.*, 2025 WL 1918543, at *4 (D. Ariz. July 11, 2025).

**Use of Exhibits to Argue Adequate Risk Disclosures**: Defendants use Exhibits 5, 8, 18, 23, 32, 33 to argue Geron's risk disclosures adequately warned investors of the relevant risks. MTD at 18-19 (citing Blair Decl., Appendix B). But they do not specifically state which of the risk disclosures purportedly protect what alleged misstatements, leaving Plaintiffs and the Court to guess. As set forth in Plaintiffs' opposition to Defendants' Motion to Dismiss and responsive Appendix B filed simultaneously herewith, the purported risk disclosures are either too vague to be meaningful and do not warn of the specific risks related to the alleged misstatements or the warned of risks are meaningless because they already materialized.

For example, the risk disclosures purporting to warn of the risks of competition, such as "[c]ompetitors may develop more commercially desirable or affordable products" that would impact the "commercial viability of imetelstat…" (Appendix B, at 1-2, 7) are irrelevant because none of the alleged misstatements concern competitive products. Moreover, such risks could apply to any pharmaceutical company and were so boilerplate as to be meaningless. Thus, because the embedded risk factors are so generic as to be stripped of any import, they are not relevant to Plaintiffs' claims.

Likewise, the risk disclosures pertaining to Rytelo's commercialization and sales, such as "Hiring & Preparing Commercial Teams", "Successful Rytelo Commercialization" and "Educating Prescribers" are, themselves, alleged false and misleading and otherwise meaningless because the warned of risk already materialized. *See* Appendix B, at 1, 3, 5-16. *Crews v. Rivian Auto., Inc.*, 2023 WL 4361098, at *9 (C.D. Cal., 2023) (no safe harbor where there are material omissions); *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 703 (9th Cir. 2021) ("Risk disclosures that 'speak[] entirely of as-yet-unrealized risks and contingencies' and do not 'alert[] the reader that some of these risks may already have come to fruition' can mislead reasonable investors."). Defendants' later addition of nearly identical risk disclosures, such as "[o]ur ability to develop

7

imetelstat and launch it commercially is subject to significant risks and uncertainties including, among other things, our ability to:… recruit and retain sufficient qualified and experienced personnel...” (Appendix B, at 3) and others like it, does not suddenly cure that those risk had already materialized. *Smith v. NetApp, Inc.*, 2021 WL 1233354, at *7 (N.D. Cal. Feb. 1, 2021) (disclosing “as-yet-unrealized risks and contingencies” is misleading when the risks had already materialized) (quoting *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 986 (9th Cir. 2008)).

Defendants also fail to explain how warnings like “Imetelstat must receive all relevant regulatory approvals before it may be marketed in the U.S.” (Appendix B, at 4) “explicitly identifies the salient risk,” as they claim. MTD at 19. Indeed, Plaintiff’s claims have nothing to do with Rytelo’s regulatory approval. Thus, the warnings Defendants rely on in Exhibits 5 and 8 are unrelated to Plaintiffs’ claims.

Accordingly, the Court should not consider Exhibits 5, 8, 18, 23, 32, 33 to highlight purported risk disclosures that are wholly irrelevant to Plaintiffs’ claims.

**Reliance on Documents in Dispute**: While the Court can take judicial notice of Geron’s SEC filings, earnings call transcripts and presentations cited in the Complaint, these documents are in dispute and may not be considered for the truth of the matters asserted. Defendants blatantly use these exhibits not to provide context but, instead, to provide a counternarrative. For example:

- Exhibit 5 - Geron Form 10-K for the year-ended December 31, 2023. Plaintiffs allege the 2023 10-K contains risk disclosures that were false and misleading because the risks had already occurred. ¶83. Defendants, however, reference the 2023 10-K seven times in the Statement of Facts section to provide a counternarrative regarding Geron’s preparedness for commercial launch, **using facts in dispute**. MTD at DB3-5. *Laborers Dist. Council Constr. Indus. Pension Fund v. Sea Ltd*., 2024 WL 3708800, at *5 (D. Ariz. Aug. 7, 2024) (rejecting defendant’s request for judicial notice of the SEC filing as improper because the defendant “uses statements contained in these exhibits for their truth value in an attempt to present [defendant]’s own version of the facts.”).

- Exhibit 8 - Geron Q1 2024 Form 10-Q for the quarter-ended March 31, 2024, filed on May 2, 2024. Plaintiffs allege the Q1 2024 Form 10-Q contained false and misleading risk disclosures. ¶91. But Defendants use the Q1 2024 Form 10-Q to support their counterargument that Geron was prohibited from providing marketing materials pre-launch. MTD at 11.

- Exhibit 9 - Geron Q1 2024 Earnings Call Transcript. Plaintiffs allege Defendants made false statements regarding Rytelo’s “uptake across frontline patients as well as “‘broad use’ in the second-line[,]” (¶93), that Rytelo would become the likely “standard of care” across

8

all patient populations (¶95), and that Geron hired and trained all necessary sales personnel (¶97). Defendants use this transcript to support their counternarrative that they were prepared for launch (MTD at 4).

- Exhibit 11 – Geron's June 7, 2024 Special Call Transcript. Plaintiffs allege Defendants made false statements regarding Rytelo's ability to treat a "vast majority" of patients (¶102), and that weekly monitoring was "standard" and would not be viewed as a burden by community doctors (¶104). But Defendants use it to support their counternarrative it was difficult to predict a bolus (MTD at 6), Geron hired a "highly skilled" team so it was prepared for launch (MTD at 10) and had secured hundreds of appointments with physicians (MTD at 14)—all facts in dispute.

- Exhibit 12 – Geron's June 7, 2024 Special Call Presentation. Plaintiffs present one slide to add further context to Defendant Kapur's false statements on the Special Call regarding Geron's purported expectations for Rytelo's market. ¶100. Defendants, on the other hand, use the presentation to support their counternarrative that (among other things) Geron was prepared for Rytelo's launch (MTD at 3-4), by hiring a highly skilled team (MTD at 10) and surveying 57 hematologists (MTD at 13)—facts in dispute.

- Exhibit 20 - Geron Q2 2024 Earnings Call Transcript on August 8, 2024. Plaintiffs allege Defendants Scarlett and Grethlein made false statements on this earnings call regarding a significant uptake in prescriptions, enthusiasm from the "community" physicians that would support Rytelo becoming the "standard of care" for first and second-line patients and success of the Company's execution on Rytelo's launch. ¶¶111, 113. Yet, Defendants use this exhibit to support their counternarrative that, among other things, Geron surveyed hematologists (MTD at 4), Rytelo showed "early signs of promise" (MTD at 5), Defendants had limited patient data six weeks into launch (MTD at 5-6) and 80% of hematologists were aware of imetelstat (MTD at 11-12)—facts in dispute.

- Exhibit 33 – Geron's 2024 Form 10-K for the year ended December 31, 2024, filed on February 27, 2025. Plaintiffs reference the 2024 Form 10-K in support of the core operations scienter inference, citing Geron's statement that "***our future success depends solely on imetelstat***" *inter alia.* ¶180. Defendants use it to support their counternarrative that Geron was prepared for its commercial launch by hiring employees. MTD at 4.

Defendants' use of documents in dispute containing the alleged false statements cannot be presumed to be true. *In re Zynga Inc. Sec. Litig.*, 2015 WL 1382217, at *4 n.1 (N.D. Cal. 2015) ("Because [p]laintiff contests the accuracy of the contents of the company's public filings, the Court does not adopt the representations made in the documents for the truth of the matters asserted, but merely accepts that the public filings were made."); *see also SEB Inv. Mgmt. AB v. Symantec Corp.*, 2019 WL 2491935, at *11 (N.D. Cal. 2019) (declining to take judicial notice of the truth of defendants' disclosures where "plaintiffs dispute the accuracy of the statements set forth in the September 9 proxy statement"). Accordingly, Defendants' improper and excessive use

OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

of Exhibits 5, 6, 8, 9, 11, 12, 15, 17, 18, 20 and 22-34 for their own counterarguments is grounds to exclude them. Should the Court consider these Exhibits, they should not be considered for the truth of the matter asserted.

**III.     CONCLUSION**

For the reasons stated above, Defendants' RJN should be denied in its entirety.

Dated: December 8, 2025                          Respectfully submitted,


                                                 **LEVI & KORSINSKY, LLP**

                                                  /s/ *Adam M. Apton*
                                                 Adam M. Apton (SBN 316506)
                                                 1160 Battery Street East, Suite 100
                                                 San Francisco, CA 94111
                                                 Tel: (415) 373-1671
                                                 Email: aapton@zlk.com

                                                 Shannon L. Hopkins (admitted *pro hac vice*)
                                                 Gregory M. Potrepka (admitted *pro hac vice*)
                                                 Amanda D. Foley (to be admitted *pro hac vice*)
                                                 1111 Summer Street, Suite 403
                                                 Stamford, CT 06905
                                                 Tel: (203) 992-4523
                                                 Email: shopkins@zlk.com
                                                 Email: gpotrepka@zlk.com
                                                 Email: afoley@zlk.com

                                                 *Attorneys for Plaintiffs*

OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE