COOLEY LLP
RYAN E. BLAIR (246724)
(rblair@cooley.com)
VIVIENNE A. GOLDSCHLAG (345611)
(vgoldschlag@cooley.com)
10265 Science Center Drive
San Diego, California 92121-1117
Telephone:    +1 858 550 6000
Facsimile:    +1 858 550 6420

BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

CAITLIN B. MUNLEY (*Pro Hac Vice*)
(cmunley@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, District of Columbia 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

NICHOLAS R. ORR (334142)
(norr@cooley.com)
355 South Grand Avenue, Suite 900
Los Angeles, California 90071-1560
Telephone:    +1 213 561 3250
Facsimile:    +1 213 561 3244

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GERON CORPORATION SECURITIES LITIGATION | Case No. 3:25-cv-02507-VC |
| | **REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** |
| | Hearing Date:    March 5, 2026<br>Hearing Time:    10:00 a.m.<br>Judge:    Hon. Vince Chhabria<br>Courtroom:    4, 17th Floor |

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ..................................................................................................... 1

II.     THE COURT MAY CONSIDER EXHIBITS 1–37.............................................. 2

        A.      Plaintiffs Fundamentally Misunderstand *Khoja*'s Impact on *Tellabs* and the
                Incorporation by Reference Doctrine........................................................... 2

        B.      The Court Should Consider Exhibits 1–2 and 5–37 Under the Incorporation
                by Reference Doctrine.................................................................................. 3

                1.      There is no dispute documents containing the challenged statements
                        and the alleged corrective disclosure are incorporated by reference
                        (Exs. 5–6, 8–9, 11–12, 18, 20, 23, 25–27, and 29–32) ............................. 3

                2.      Incorporation by reference is proper where the AC cites and/or
                        relies on the Exhibits (Exs. 1, 7, 10, 16, 19, 21, 28, and 35). ..................... 4

        C.      Exhibits 1–6, 8–9, 11–18, 20, and 22–37 Are Judicially Noticeable...................... 6

        D.      The Court Should Reject Plaintiffs' Charts that Present Improper Legal
                Argument and Unpled Factual Allegations.................................................. 9

III.    CONCLUSION ...................................................................................................... 10

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple Inc. Device Performance Litig.*,
386 F. Supp. 3d 1155 (N.D. Cal. 2019) ................................................................................. 5

*In re Apple Inc. Sec. Litig.*,
2020 WL 2857397 (N.D. Cal. June 2, 2020) ......................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .............................................................................................................. 2

*Bunkley v. Verber*,
2018 WL 1242168 (N.D. Cal. Mar. 9, 2018) ........................................................................ 7

*In re Century Aluminum Co. Sec. Litig.*,
2011 WL 830174 (N.D. Cal. Mar. 3, 2011) ....................................................................... 7, 9

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) ................................................................................................. 2

*Evanston Police Pension Fund v. McKesson Corp.*,
411 F. Supp. 3d 580 (N.D. Cal. 2019) .................................................................................. 3

*In re Eventbrite, Inc. Sec. Litig.*,
2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ...................................................................... 3

*Golub v. Gigamon Inc.*,
372 F. Supp. 3d 1033 (N.D. Cal. 2019) ................................................................................ 8

*In re Hansen Nat. Corp. Sec. Litig.*,
527 F. Supp. 2d 1142 (C.D. Cal. 2007) ................................................................................ 7

*In re Intel Corp. Sec. Litig.*,
2025 WL 1914884 (N.D. Cal. Mar. 4, 2025) ........................................................................ 6

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ............................................................................................. 2, 3

*In re Netflix, Inc. Sec. Litig.*,
2005 WL 1562858 (N.D. Cal. June 28, 2005) ...................................................................... 7

*In re NVIDIA Corp. Sec. Litig.*,
768 F.3d 1046 (9th Cir. 2014) ............................................................................................... 3

*In re Oracle Corp. Sec. Litig.*,
2009 WL 1709050 (N.D. Cal. June 19, 2009) ...................................................................... 9

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*In re Palo Alto Networks, Inc. Sec. Litig.*,
2025 WL 1093247 (N.D. Cal. Apr. 11, 2025) ........................................................................ 4

*In re Pivotal Sec. Litig.*,
2020 WL 4193384 (N.D. Cal. July 21, 2020) ........................................................................ 6

*Resnick v. Hyundai Motor Am., Inc.*,
2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ........................................................................ 6

*In re SolarCity Corp. Sec. Litig.*,
274 F. Supp. 3d 972 (N.D. Cal. 2017) ........................................................................ 5

*In re Stac Elecs. Sec. Litig.*,
89 F.3d 1399 (9th Cir. 1996) ........................................................................ 5

*Tadros v. Celladon Corp.*,
2016 WL 5870002 (S.D. Cal. Oct. 7, 2016) ........................................................................ 10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ........................................................................ 1, 2, 8

*Xiaojiao Lu v. Align Tech., Inc.*,
417 F. Supp. 3d 1266 (N.D. Cal. 2019) ........................................................................ 4

**Other Authorities**

Fed. R. Evid. 201 ........................................................................ 6, 7

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

## I.    INTRODUCTION

Plaintiffs' RJN Opposition implores the Court to evaluate the Amended Complaint's ("AC") allegations in a vacuum and without reference to the surrounding context of the documents Plaintiffs selectively quote or misleadingly editorialize in the AC.[1] However, both Congress and the Supreme Court, recognizing the livelihoods and professional reputations at stake in securities fraud cases, **require** courts to **ignore** conclusory allegations and to **consider** documents and information incorporated by reference or subject to judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Defendants therefore have asked the Court to consider the documents attached to the Declaration of Ryan E. Blair in Support of Defendants' Motion to Dismiss ("Exhibits" or "Exs."). ECF No. 50-1. Although Plaintiffs take issue with Defendants seeking incorporation and/or judicial notice of the Exhibits, they do not dispute (and thus concede) that 26 of the 37 Exhibits (Exs. 2, 5–9, 11–15, 17–18, 20, 22–27, 29–34) form the basis of their claims and are therefore properly incorporated by reference.

And while Plaintiffs claim Defendants seek the Court's consideration of the Exhibits to "circumvent and dispute the Complaint's well-pleaded factual allegations" and create a "counternarrative," RJN Opp. 1, 6, Defendants do no such thing. Rather, Defendants seek to supplement Plaintiffs' fragmented, self-serving, and, in some cases, wholly invented portrayal of events in the AC. The Exhibits—many of which include statements the AC critically omits—are the types of documents routinely considered on a motion to dismiss in securities fraud cases, and are necessary for the Court to understand the full context of the information Defendants disclosed to investors regarding Rytelo's commercial progress.

Likely recognizing the fatal deficiencies in the AC, Plaintiffs also introduced two charts— purportedly "for the Court's convenience," ECF No. 54-1—rife with unpled factual assertions and

---

[1] Unless otherwise noted, all "¶" references are to the AC, ECF No. 40; all "RJN Opposition" or "RJN Opp." references are to Plaintiffs' Opposition to Defendants' Request for Judicial Notice, ECF No. 55; all "RJN" references are to Defendants' Request for Judicial Notice and for Incorporation by Reference in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, ECF No. 51; and all "Motion to Dismiss," "Motion," or "Mot." references are to Defendants' Notice of Motion and Motion to Dismiss Plaintiffs' Amended Complaint, ECF No. 50. All emphasis is added, and all internal quotation marks and citations are omitted unless otherwise noted.

attorney argument. *See* ECF Nos. 54-2 ("Appendix 1"), 54-3 ("Appendix 2"). But the Court cannot consider Appendices 1–2 given Plaintiffs' attempt to inject new facts and attorney argument that go far beyond the bounds of their AC and Opposition to Defendants' Motion to Dismiss.

Accordingly, Defendants' RJN should be granted in its entirety and the Court should consider Exhibits 1–37 under the incorporation by reference and/or judicial notice doctrines. Further, given their improper nature, the Court should reject or otherwise not consider Plaintiffs' Appendices 1–2.

## II.    THE COURT MAY CONSIDER EXHIBITS 1–37.

Exhibits 1–37 are properly before the Court under both the incorporation by reference and/or judicial notice doctrines because they provide critical context for Plaintiffs' conclusory allegations. In fact, Plaintiffs' own authority confirms both doctrines "have roles to play at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Nonetheless, the RJN Opposition contends (1) Exhibits 1, 3–4, 7, 10, 16–17, 19, 21, 28, and 35–37 are not incorporated by reference because they are not cited in or relied on by the AC and (2) Exhibits 1–6, 8–9, 11–18, 20, and 22–37 are not subject to judicial notice because they fall outside the Class Period, are irrelevant to Plaintiffs' claims, and/or are in dispute in the AC. RJN Opp. 4–9. None of Plaintiffs' arguments are persuasive.

### A.    Plaintiffs Fundamentally Misunderstand *Khoja*'s Impact on *Tellabs* and the Incorporation by Reference Doctrine.

Plaintiffs assert neither incorporation by reference nor the judicial notice doctrine permit the Court to examine publicly available documents if they discredit the AC in any way. But while well-pled allegations must be accepted as true for purposes of a motion to dismiss, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007), Plaintiffs may not use this principle as a license to make (or make up) any allegation with impunity. Indeed, the Court is required to consider the full context surrounding Plaintiffs' allegations. *Tellabs*, 551 U.S. at 322, and that is precisely what the Exhibits provide. And contrary to Plaintiffs' assertions, the Court is "not . . . required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Plaintiffs' reliance on *Khoja* to argue the Exhibits cannot be used to dispute the AC's allegations misstates the law. *See generally* RJN Opp. In *Khoja*, the Ninth Circuit was clear the incorporation by reference doctrine applies at the motion to dismiss stage to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." 899 F.3d at 1002. Indeed, "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's ***conclusory*** allegations . . . [And] nothing in *Khoja* prevents this Court from analyzing an alleged false statement in context." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (emphasis in original). As *Eventbrite* concluded, *Khoja* thus did "not eradicate the rule that alleged false statements must be analyzed in context." *Id.* Notably, in relying on *Khoja*, *Eventbrite* judicially noticed and incorporated by reference ten exhibits that created a factual dispute with plaintiffs' ***conclusory*** allegations. *Id.* Likewise here, Defendants seek incorporation of the Exhibits (including the contested Exhibits discussed below) to place Plaintiffs' allegations in context, shed light on Defendants' (nonculpable) motive and intent, and dispute Plaintiffs' conclusory and unreliable allegations.

**B.    The Court Should Consider Exhibits 1–2 and 5–37 Under the Incorporation by Reference Doctrine.**

**1.    There is no dispute documents containing the challenged statements and the alleged corrective disclosure are incorporated by reference (Exs. 5–6, 8–9, 11–12, 18, 20, 23, 25–27, and 29–32).**

The RJN Opposition does not refute that the Court may properly consider (1) documents containing allegedly false or misleading statements (Exs. 5–6, 8–9, 11–12, 18, 20, 23, 25–27) and (2) the alleged corrective disclosures (Exs. 29–32) as incorporated by reference into the AC.[2] RJN Opp. 3; *see also* RJN 3–4. These documents form the basis of the AC and are extensively quoted therein. *See id.* 3–4, 10–14. The Court may consider these documents "in [their] entirety." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). The Court may also consider the truth of Exhibits 5–6, 8–9, 11–12, 18, 20, 23, 25–27, and 30–32 to dispute Plaintiffs' conclusory

---

[2] The RJN Opposition itself cites *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 592–93 (N.D. Cal. 2019), which supports the proposition that a document is incorporated by reference where it "contain[s] materially false statements." RJN Opp. 4 n.3.

allegations. *See In re Palo Alto Networks, Inc. Sec. Litig.*, 2025 WL 1093247, at *10 n.7 (N.D. Cal. Apr. 11, 2025) (considering the truth of a document that is incorporated by reference to rebut plaintiffs' "***conclusory*** allegation[s]") (emphasis in original).

The import of the incorporation by reference doctrine is critical here given, as explained in the Motion to Dismiss and Defendants' concurrently filed reply brief in support thereof, the AC repeatedly cherry-picks Defendants' statements and removes them from their necessary context (and time period) to spin a narrative of wrongdoing. For example, Plaintiffs selectively quote Defendants' fourth quarter and full year 2024 earnings call (Ex. 29) to allege Defendants "shocked the market when they revealed Rytelo's sales growth had ***flattened*** over the last few months" and flattening continued through February 2025. ¶141 (emphasis in original); *see* ¶¶142–49. However, the full context surrounding Defendants' statements establishes Defendants used ***backward-looking*** rolling 4- and 8-week data to discover revenue flattening beginning around the "Thanksgiving holiday going forward." Ex. 29 at 15. Moreover, a complete review of Exhibit 29 further establishes that the statement at issue was made in response to an analyst question regarding revenue trends in the first quarter of 2025. Plaintiffs ignore this context entirely, instead generally (and conclusorily) alleging Defendants knew as early as September 2024 that revenue was flattening. The Court cannot evaluate this allegation without its necessary context—any alternative permits Plaintiffs to "cherry-pick[] portions of . . . statements and ignor[e] other[s]." *Xiaojiao Lu v. Align Tech., Inc.*, 417 F. Supp. 3d 1266, 1276 (N.D. Cal. 2019).

### 2.    Incorporation by reference is proper where the AC cites and/or relies on the Exhibits (Exs. 1, 7, 10, 16, 19, 21, 28, and 35).

Plaintiffs also urge the Court to "outright" reject incorporation by reference of Exhibits 1, 7, 10, 16, 19, 21, 28, and 35[3] because these Exhibits are "not referenced in, nor relied on, anywhere

---

[3] Plaintiffs include Exhibits 3–4 and 36–37 in this argument even though Defendants do not seek incorporation by reference of those Exhibits. Even so, the RJN Opposition's claim that Exhibit 37 shows "Geron lacked marketing materials at the time of launch and did not have any such materials until well after Rytelo's commercial launch" because Exhibit 37 is copyrighted September 2024, RJN Opp. 4 n.4, is nonsensical; the very existence of Exhibit 37 disproves the AC's conclusory claim that Geron had "no marketing materials." Moreover, that Exhibit 37 is copyrighted September 2024 does not mean there were ***no other*** marketing materials before September 2024— *e.g.*, "prescribing information," which Plaintiffs themselves describe as "educational material" and ***concede*** existed at launch. ¶71.

in the AC." RJN Opp. 4. Plaintiffs' argument is both wrong and misstates the law.

*First*, Exhibits 1, 7, 10, 16, 19, 21, 28, and 35 *are* cited in and relied on by the AC. *See* RJN 4–5; *id.* 10–14 (summarizing the AC's citations to and reliance on Exhibits 1–2, 7, 10, 13–17, 19, 21, 24, 28, and 33–35). Of these Exhibits, Plaintiffs only highlight Exhibit 17 as an example of a document that is not cited in the AC. RJN Opp. 4–5. However, Exhibit 17 affirms Defendants' (unchallenged) belief that Rytelo is a "compelling option" for LR-MDS patients, which is language the AC challenges as false and misleading. ¶¶95–96, 126–27; *see In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) (documents containing challenged statements are incorporated by reference). Other documents like Exhibit 16 (NCCN Guidelines), are similarly situated, as Exhibit 16 is cited throughout the AC, ¶¶35, 46, and Plaintiffs challenge statements addressing Defendants' reliance on the NCCN Guidelines. ¶111.

*Second*, Plaintiffs improperly assume documents must be expressly cited in the AC to be incorporated. To the contrary, a document may be incorporated by reference into the AC *even if* it is not expressly cited, so long as the document forms the basis of the AC's claims. *See In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1165 (N.D. Cal. 2019) ("[A] document may be incorporated even if it is never referenced directly in the complaint if the claim necessarily depended on the document."). For example, Plaintiffs allege Dr. Grethlein, Dr. Feller, and Mr. Kapur engaged in insider trading, selectively challenging certain stock sales during the Class Period. ¶¶189–200. Despite not citing the documents by name in the AC, Geron's proxy statements (Exs. 1, 7, 35) reflecting Defendants' stock sales during the Class Period form the basis of the AC, "*even when those documents were not referenced in the pleadings* in order to prove that stock sales were made or were not made." *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017).[4] Accordingly, the Court must consider these Exhibits in their entirety under the incorporation by reference doctrine because, as noted above, the alleged false or misleading statements "must be analyzed in context." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4, 1408–09 (9th Cir. 1996).

---

[4] Plaintiffs' attempt to distinguish *SolarCity* incorrectly assumes proxy statements like Exhibits 1, 7, and 35 do not form the basis of the AC. Because the AC alleges Defendants' stock sales are evidence of scienter, ¶¶189–200, these exhibits provide critical context the AC omits.

**C.    Exhibits 1–6, 8–9, 11–18, 20, and 22–37 Are Judicially Noticeable.**

Plaintiffs argue Exhibits 1–6, 8–9, 11–18, 20, and 22–37 are not subject to judicial notice because these documents are (1) dated outside the Class Period and thus are irrelevant (Exs. 1–4, 13–14, 16, and 33–37); (2) otherwise irrelevant to Plaintiffs' claims (Exs. 3, 4, 16, and 36–37); and (3) documents "in dispute" that cannot be used "to provide a counternarrative" (Exs. 5–6, 8–9, 11–12, 15, 17–18, 20, and 22–34). RJN Opp. 5–10. But these exhibits are indisputably proper subjects for judicial notice.[5] Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The RJN Opposition, however, does not explain why Exhibits 1–6, 8–9, 11–18, 20, and 22–37 do not satisfy this test. And as explained above, Plaintiffs do not refute that most of these Exhibits (Exs. 2, 5–6, 8–9, 11–15, 17–18, 20, 22–27, 29–34) are referenced in the AC, meaning they are incorporated and the Court can consider the entirety of these exhibits for their truth. *See supra* II.A. But even if these documents are not incorporated by reference (they should be), press releases and other information on Geron's website (Exs. 3, 15, 17, 24, 28, 34, and 37), investor call transcripts (Exs. 6, 9, 11, 20, 25–27, and 29), investor call presentations (Ex. 12),[6] SEC filings (Exs. 1–2, 5, 8, 13–14, 18, 23, 33, and 35),[7] analyst reports (Exs. 22 and 30–32), the NCCN Guidelines (Ex. 16), and scientific journal articles (Exs. 4, 36) are alternatively subject to judicial notice. RJN 5–8. None of Plaintiffs' objections to these Exhibits are sufficient to deny

---

[5] Puzzlingly, Plaintiffs ***do not dispute*** that similar documents like Exhibits 10 and 19 (press releases), Exhibit 21 (investor call presentation), and Exhibit 35 (SEC filing) are subject to judicial notice.

[6] Plaintiffs confusingly object to judicial notice of the investor presentation in Exhibit 12, but do not object to judicial notice of the same type of document in Exhibit 21. Plaintiffs cannot have it both ways, but regardless, "[c]ourts in securities actions routinely take judicial notice of investor call . . . presentations" like Exhibits 12 and 21. *In re Intel Corp. Sec. Litig.*, 2025 WL 1914884, at *5 (N.D. Cal. Mar. 4, 2025) (collecting cases).

[7] Rather than challenging the adequacy of Geron's risk disclosures in their Opposition to Defendants' Motion to Dismiss, Plaintiffs improperly challenge the Court's ability to judicially notice Exhibits 5, 8, 18, 23, and 32–33 in their RJN Opposition by arguing the merits of Defendants' safe harbor arguments. RJN Opp. 7–8. Because Plaintiffs did not address this argument in their Opposition to Defendants' Motion to Dismiss, this argument is waived. *See Resnick v. Hyundai Motor Am., Inc.*, 2017 WL 1531192, at *22 (C.D. Cal. Apr. 13, 2017) ("Failure to oppose an argument raised in a motion to dismiss constitutes waiver of that argument."). Regardless, courts routinely take judicial notice of documents like SEC filings containing risk disclosures, as the cautionary language contained therein is relevant for the "purpose of determining what representations [were] made to the market." *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *5 (N.D. Cal. July 21, 2020).

judicial notice.

***Documents Outside the Class Period.*** Plaintiffs claim Exhibits 1–4, 13–14, 16, and 33–37 are outside the Class Period and thus irrelevant. RJN Opp. 5. Yet Plaintiffs cite no case law to support this blanket proposition—nor can they, because no such rule exists.[8] *See, e.g.*, *In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1150 (C.D. Cal. 2007) (granting judicial notice of documents even though they were dated after the filing of the complaint); *In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005) (holding that "SEC filings are appropriately noticed by the Court" on a motion to dismiss even when those documents were filed with the SEC outside the class period).

***"Irrelevant" Documents.*** Plaintiffs argue Exhibits 3, 4, 16, and 36–37 are also "irrelevant" to Plaintiffs' claims and therefore should not be judicially noticed. RJN Opp. 5. But whether a document is relevant to Plaintiffs' claims is ***not*** the standard for judicial notice prescribed by Federal Rule of Evidence 201. And because neither the accuracy, nor authenticity of Exhibits 3, 4, 16, 36 and 37 is in dispute, judicial notice is proper. *See id.* Regardless, each of these exhibits ***are relevant*** to Plaintiffs' claims because they pre-date the alleged misstatements and thus illustrate what was in the "public realm" at the time Defendants' challenged statements were made.[9] *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011). For example:

- January 4, 2023, Geron Press Release (Ex. 3): This press release summarizes the clinical trial results supporting the FDA's approval of Rytelo for certain LR-MDS patients. This information was available to investors during the Class Period and formed the basis of Geron's expectations for Rytelo's uptake in certain LR-MDS patients.

- November 14, 2023, Scientific Journal Article (Ex. 4): This publicly available journal article explained the import of the NCCN Guidelines (Ex. 16) in the Medicare context, supporting Geron's belief that Rytelo's inclusion in the NCCN Guidelines would help Rytelo compete in the market.

---

[8] Plaintiffs only cite *Bunkley v. Verber*, 2018 WL 1242168, at *2 (N.D. Cal. Mar. 9, 2018), which stands for the general proposition that the Court "may" deny judicial notice of irrelevant exhibits. RJN Opp. 5. As explained in Defendants' RJN and herein, Exhibits 1–4, 13–14, 16, and 33–37 are relevant and subject to judicial notice because they satisfy Federal Rule of Evidence 201 and Plaintiffs do not—and cannot—challenge their accuracy or authenticity.

[9] It is undisputed analysts considered information about Geron's clinical trials (Exs. 36–37), the NCCN Guidelines (Ex. 16), and the role the NCCN Guidelines play in physicians' prescribing decisions (Ex. 4). *See, e.g.*, Ex. 22 at 4–6 (summarizing Geron's clinical trial results and Rytelo's market potential given its inclusion in the NCCN Guidelines).

- July 31, 2024, NCCN Guidelines (Ex. 16): The NCCN Guidelines were published during the Class Period, ¶35, and were thus available to investors during the Class Period, meaning investors were aware Rytelo was recommended as a first- and second-line treatment for certain LR-MDS patients. RJN 8.

- May 31, 2023, Scientific Journal Article (Ex. 36): Like Exhibit 4, Exhibit 36 was publicly available and summarized Geron's clinical trial results. This is particularly relevant given Plaintiffs allege Defendants did not educate prescribers or the public about Rytelo and its underlying clinical trial results, even though Geron's clinical trial results were published prior to the Class Period and thus available to both the investing and medical communities during the Class Period.

- September 2024, Geron's Rytelo Patient Brochure (Ex. 37): Exhibit 37 summarized Geron's clinical trial results for patients in a brochure that was available online to investors during the Class Period. Exhibit 37 can thus be judicially noticed to establish that investors had access to a marketing brochure concerning Rytelo.

The RJN Opposition does not dispute that courts routinely grant judicial notice of documents for this purpose. *See* RJN 6 (collecting cases). Additionally, that a document is not directly cited in the AC is not a basis to deny judicial notice. *See, e.g.*, *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043 (N.D. Cal. 2019) (explaining that courts may "take judicial notice of documents on which allegations in the complaint necessarily rely, even if not expressly referenced in the complaint, provided that the authenticity of those documents are not in dispute"), *aff'd*, 994 F.3d 1102 (9th Cir. 2021).

***Documents "In Dispute*.**" Plaintiffs argue the Court should not take judicial notice of Exhibits 5–6, 8–9, 11–12, 15, 17–18, 20, and 22–34 "for their truth to present a counternarrative." RJN Opp. 6. Plaintiffs are correct that ***judicial notice*** does not permit the Court to consider the truth of a judicially noticed document. But because Plaintiffs do not dispute that each of these exhibits are incorporated by reference, *see supra* Section II.B, the Court is permitted to consider the ***entirety*** of the incorporated exhibits, even if their contents contradict the AC. *See id.* As noted above, this "prevent[s] plaintiffs from highlighting only the portions of certain documents that support their claims, while omitting portions of those documents that weaken their claims." RJN 3 (quoting *In re Fastly, Inc. Sec. Litig.*, 2021 WL 5494249, at *5 (N.D. Cal. Nov. 23, 2021)). Indeed, Exhibits 5–6, 8–9, 11–12, 15, 17–18, 20, and 22–34 provide context for the challenged statements and the corrective disclosures this Court is required to consider under *Tellabs*. 551 U.S. at 322.

Plaintiffs' dislike of the facts contained within Exhibits 5–6, 8–9, 11–12, 15, 17–18, 20, and 22–34 is not a sufficient basis to deny judicial notice, as the Court may consider these exhibits to understand what information was available to the public at the time. *Century Aluminum*, 2011 WL 830174, at *9. Indeed, Plaintiffs concede the Court can judicially notice "Geron's SEC filings, earnings call transcripts and presentations cited in the Complaint." RJN Opp. 8.

**D.    The Court Should Reject Plaintiffs' Charts that Present Improper Legal Argument and Unpled Factual Allegations.**

Tacitly acknowledging the AC's fatal deficiencies, Plaintiffs submitted Appendices 1–2 in support of their Opposition to Defendants' Motion to Dismiss, purportedly for the "Court's convenience." ECF No. 54-1, ¶¶2–3. However, unlike the charts Defendants submitted to the Court which quote the AC's challenged statements and Geron's risk disclosures verbatim, ECF Nos. 50-39, 50-40, Plaintiffs' charts are filled with improper legal argument and factual allegations not pled in the AC. For example, the AC alleges "CW2's title was changed to Medical Science Liaison in January 2024," ¶59, but Appendices 1–2 editorialize this allegation to claim CW2's title was changed "***due to misunderstanding about the role's responsibilities, and unclear expectations.***" Appendix 1 at 1, 10; Appendix 2 at 11. Plaintiffs further argue "Defendants' scienter is alleged through Kapur's oversight and directives to the Medical Affairs and Commercial teams recounted by CW2, thereby imputing scienter to the Company," Appendix 1 at 10, even though the AC ***never*** alleges that Mr. Kapur had "oversight" of Geron's medical affairs or commercial teams to such a degree that his oversight could be imputed to the rest of Defendants. Likewise, Plaintiffs allege Mr. Kapur "would have known" that "the majority of community physicians . . . had not heard of Rytelo," even though the AC never makes such an allegation. *Compare* Appendix 1 at 10, *with* ¶68. Then, just like Plaintiffs' improper attempt to address the adequacy of Defendants' risk warnings in their RJN Opposition instead of their Opposition to the Motion to Dismiss, *see supra* n.7, Appendix 2 includes attorney argument for why Defendants' risk disclosures (including cautionary language not challenged in the AC) are inadequate. Courts routinely reject Plaintiffs' improper attempts to go beyond the allegations in their AC and their pleadings. *See, e.g.*, *In re Oracle Corp. Sec. Litig.*, 2009 WL 1709050, at *31 n.39 (N.D. Cal. June 19, 2009) ("The Court agrees that the

chart is an improper summary because it contains attorney argument."), *aff'd*, 627 F.3d 376 (9th Cir. 2010); *cf. Tadros v. Celladon Corp.*, 2016 WL 5870002, at *8 (S.D. Cal. Oct. 7, 2016) (permitting defendants' chart "compil[ing] the allegedly misleading statements together with a reference to where it appears in Plaintiff's and Defendants' motions" in an "easy to use format"). Accordingly, the Court should reject Plaintiffs' Appendices 1–2 and the improper argument contained therein.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court incorporate by reference and/or judicially notice Exhibits 1–37. Defendants further request that the Court reject or otherwise not consider Plaintiffs' Appendices 1–2.

Dated: January 14, 2026                                  COOLEY LLP


                                                         By: */s/ Ryan E. Blair*
                                                             Ryan E. Blair

                                                         *Attorney for Defendants*