UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REZA DABESTANI, et al.,<br>Plaintiffs,<br>v.<br>GERON CORPORATION, et al.,<br>Defendants. | Case No. 25-cv-02507-VC<br><br>**ORDER DENYING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 73, 74 |

The motion to dismiss the second amended complaint is denied.[1] This order assumes that the reader is familiar with the facts, the applicable laws, regulations, and legal standards, and the arguments made by the parties.

The plaintiffs allege in the second amended complaint that the defendants made materially false or misleading statements on three separate occasions: the November 7, 2026, Q3 2024 Earnings Call; the November 18, 2024, Stifel Healthcare Conference; and the December 4, 2024, Evercore Conference. The plaintiffs point to the defendants' repeated representations that overall fourth-quarter growth and uptake of Rytelo across patient segments (including in first-line and second-line patients) continued to look promising through the end of 2024. *See* SAC ¶¶ 102-116.

[1] The defendant's request for judicial notice is granted as to exhibits 1, 2, 3, 8, 10, 11, 15, 16, 17, and 19 because those documents are incorporated by reference into the operative complaint. *See* Dkt. Nos. 73, 74. The request is denied as to the rest.

The plaintiffs have adequately alleged that those statements were false or misleading at the time they were made. In particular, the allegations involving CW3 support a conclusion that contemporaneous sales data showed by November 2024 that Rytelo's early revenue was largely driven by a "bolus of later-line patients with no other treatment option," *id.* ¶ 78, and that sales growth had flattened before November 2024 because "Rytelo was primarily being prescribed by academics as a last resort treatment and was not being used as a second-line treatment option," *id*. ¶ 80. Indeed, CW3 allegedly confirmed that problem based on their own firsthand review of the sales data after joining Geron. *Id.* ¶¶ 81-82. Those allegations support the plaintiffs' interpretation of the statement made by Ziegler at the February 26, 2025, earnings call: that, based on the four- to eight-week rolling averages, Geron executives "started to see" slowed growth "around the holidays, Thanksgiving holiday going forward." *Id*. ¶ 9. The specificity of the allegations about CW3's experience with Geron's executive team and Geron's sales data further distinguish this case from *Lipton v. Pathogenesis*, 284 F.3d 1027 (9th Cir. 2002), where plaintiffs merely "assert[ed] in conclusory terms that the defendants had access to internal data demonstrating a decline in sales." *Id*. at 1036.

The plaintiffs have also adequately pled that the defendants made those false or misleading statements with knowledge of their falsity or with deliberate recklessness to the danger of misleading investors. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009). Ziegler allegedly approached CW3 "in October 2024 about joining Geron to help Ziegler figure out how to restart Rytelo sales growth" because "Ziegler's own review of Geron's weekly sales data, as well as Ziegler's attendance at medical conferences and interviews of physicians and Geron's sales representatives," led him to him believe that "sales and sales growth had flattened." SAC ¶¶ 79-80. That is sufficient to allege that Ziegler knew that sales had

slowed before November 2024. And because Geron's "core operations" centered around Rytelo's commercial success, it can be inferred that other Geron executives were also aware that sales had slowed in the fall of 2024—especially given the allegations that Geron executives were "motivated to conceal and misrepresent the failed commercial launch of Rytelo to position Geron as an acquisition target." *Id.* ¶¶ 177-79; *Construction Laborers Pension Trust of Greater St. Louis v. Funko Inc.*, 166 F.4th 805, 831 (9th Cir. 2026).

**IT IS SO ORDERED.**

Dated: August 13, 2026

VINCE CHHABRIA
United States District Judge